## HOGAN, Respondent, v. PAGE, Appellant.

1. A. claiming under B. presented to the old board of commissioners, May 23, 1808, for confirmation, a claim to a lot of one by forty arpens. He however produced before the board no evidence of any kind showing a derivative title from B. The board, in confirming the claim, use the following language: " The board grant to the representatives of B. the lot and order a survey," &c. *Held,* that this is not a confirmation of the lot to A. ; that, in order that the confirmation may enure to the benefit of A., he must show a derivative title from B.

2. A deed in which the interest conveyed is described as follows, to-wit: " All the right, title, interest and estate which we or either of us have or may have to a certain tract of land which the said Louis Lemonde, now deceased, but formerly resident, &c., acquired or claimed to have acquired of Auguste Conde, formerly of St. Louis, now deceased, and which land was supposed to have been situated in the Grand prairie, in said county and state, but for which land said parties of the first part have never seen any deed from said Auguste Conde to said Louis Lemonde ;" is not void for uncertainty upon its face.

*Appeal from St. Louis Court of Common Pleas.*

The facts of this case are sufficiently set forth in the opinion of the court, it being entirely unnecessary to set forth the instructions given and refused by the court below.

· *Williams* and *Shepley*, for appellant. 1. The confirmation was not to Louis Lemonde. ( 6 Peters, 766 ; 10 Peters, 334 ; Strother v. Lucas, 12 Peters, 458 ; Stoddard v. Chambers, 2 How. 284; Bissell v. Penrose, 8 How. 316 ; 8 How. 335 ; Landes v. Brandt, 10 How. 348. ) 2. A survey is an integer, and as soon as it is shown to be wrong in any respect, its integrity as a survey is gone. It can not be good for part and bad for part. It is either all good or all bad. 3. The deed from A. Reymond and others, under which plaintiff claimed and re-covered, is void for uncertainty and indefiniteness of descrip-tion of the thing sold. It did not purport to convey, and did not upon its face convey the land in dispute.

*T. Polk*, for respondent. 1. The confirmation given in evi-dence by the plaintiff enured to Louis Lemonde. (8 How. 337 ; 6 Pet. 770 ; 12 Pet. 458; 10 How. 348; Boone v. Moore, 14 Mo. 420. ) United States survey No. 1276, was properly admitted in evidence. (R. C. 1845, 469 ; U. S. Statute at large, 325 ; 3 Story's Laws, 1600. ) 2. The title under the confirmation, given in evidence by the plaintiff, is a better title than that under the New Madrid *location*, under Martin Coontz, given in evidence by defendant. 3. Survey No. 1276 is *prima facie* evidence of the true location, boun-daries and extent of the land mentioned in the confirmation given in evidence by plaintiff. (McGill v. Somers, 15 Mo. 87 ; West v. Cochran, 17 How.) 4. The deed of A. Reymond and others to plaintiff, is not void for uncertainty. The de-scription in the deed accurately and exactly describes the land confirmed. (4 Cruise Dig. 287 ; 4 Mass. 205; 10 How. 354.) 5. The court did right in instructing the jury that, in so far as Brown's old survey of the exterior boundary of the Grand prairie common field was changed by the official survey of 1838, it had no authority.

RYLAND, Judge, delivered the opinion of the court.

The following is the statement of the case agreed to by the council of both parties, before this court:

" This was an action of ejectment, brought in the Common Pleas Court, on the 27th July, 1852, by appellee against appellant, for a portion of a common field lot in the Grand prairie common field of St. Louis, which lot is one arpent in front by forty arpens in depth, being U. S. survey No. 1276, confirmed by the old board on the 13th November, 1811.   The defendant had possession of the premises at the commencement of the suit, and the damages and monthly value, as found by the jury, were supported by the evidence in the cause.

" On the trial, the plaintiff gave in evidence duly certified copy of the minutes of the confirmation by the old board.   This was objected to as not being properly certified; thereupon the court excluded so much of said certificate as follows, to-wit: ' Assignee of Auguste Condé,' and allowed the paper to be read, except the last certificate therein.   As a part of said confirmation papers, the concession of said two by forty arpens to Auguste Condé, dated 10th January, 1770, recorded in *livre terrein*, No. 1, p. 31, was also read in evidence.

" The notice for the confirmation of the said claim by the old board, was given to the recorder of land titles, on the 23d May, 1808, by Louis Lemonde, for himself, claiming it as his own, and describing it as ' a tract of land situate Big prairie, district of St. Louis, formerly the property of Mr. Condé, containing one arpent by forty, as appears by the concession remaining in your office, book No. 1, p. 31.'

" The confirmation which was of the date of 13th November, 1811, was as follows: ' Cert. 1276.   Louis Lemonde, assignee of Auguste Condé, claiming one by forty arpens of land, situate Big prairie, district of St. Louis, produces a concession from St. Ange and Labuxiere, L. G., dated 10th January, 1770.   The board grant to the representatives of Auguste Condé forty arpens of land under the provisions of the second section of the act of congress entitled ' An act respecting claims to land, and passed 3d March, 1807,' and order that the same be surveyed conformably to possession, (survey at ex-

pense of United States,) as ascertained by report of survey dated as above, January 10th, 1770.

"Plaintiff also gave in evidence a certified copy of the said U. S. survey No. 1276, which was objected to as not being properly certified. Said certificate was as follows :

' Office of Surveyor General for Illinois and Missouri,
' St. Louis, September 3d, 1851.

' I hereby certify that the foregoing plat and description of survey No. 1276, in the name of the ' legal representatives of Auguste Condé,' and also the statement of interferences, are correctly copied from pages 291 and 292, of book E, of records, on file in this office.

' M. LEWIS CLARK, Surveyor Gen'l.'

"The plaintiff then gave evidence showing that the title of Louis Lemonde had passed by descent to Angelique Reymond, wife of Abraham Reymond, Ann Fontaine and Baptiste Lemonde ; that said Abraham was the husband of said Angelique, by whom he had had several children, who are still living.

"Plaintiff then gave in evidence a quit claim deed from Abraham Reymond and Angelique his wife, formerly Reymond, Ann Fontaine, formerly Lemonde, and Baptiste Lemonde, to himself, dated the 2d March, 1850, having proved by said Abraham that said deed had been signed, acknowledged and delivered by himself and wife and the other grantors therein named. The said deed contained the following description of the property conveyed : " All the right, title, interest and estate which we or either of us have or may have to a certain tract of land which the said Louis Lemonde, now deceased, but formerly resident of said city and county and state, acquired or claimed to have acquired of Auguste Condé, formerly of St. Louis, now deceased, and which land was supposed to have been situated in the Grand prairie, in said county and state, but for which land said parties of the first part have never seen any deed from said Auguste Condé to said Louis Lemonde.

"The plaintiff having closed his case, the defendant asked the court to give the following instruction to the jury : ' Upon the

case, as made out by the plaintiff, he is not entitled to re-cover ;' which the court refused.

" The defendant below, appellant here, then gave in evidence title papers tending to show that he was claiming said land un-der the New Madrid location, made upon certificate No. 145, in the name of Martin Coontz or his legal representatives, for which a patent certificate had issued, dated 17th November, 1822. Defendant then offered in evidence various documents and oral proof, tending to show that the land sued for was im-properly and incorrectly located under the confirmation of 1811, by survey No. 1276. Among the documents were, 1st, field notes of Brown's survey of the outboundary of the Grand prai-rie fields, made in 1817 ; 2d, township plat.

"Defendants also introduced evidence tending to show that the survey 1276, as well as those north it, up to and including that of Mainville dit Deschene, were extended too far east by nine arpens and thirty-six feet.

" And having closed his case, the plaintiff introduced docu-mentary and other proof, tending to show that the land was cor-rectly located by survey No. 1276, and that there was no error in the extension of the survey of Mainville dit Deschene and those south of it, of nine arpens and thirty-six feet further east than those north of it ; also that the said Brown's outboundary was erroneous south of survey No. 1253, of Antoine Morin, under Alexis Picart."

Upon this statement arises the main question in the case : does the confirmation by the old board of commissioners enure to Louis Lemonde, putting in him the title to the land confirm-ed? If it does, then the plaintiff must recover ; if it does not, then the plaintiff's claim of title is incomplete and he can not recover in this action.

Let us examine this question. This was a confirmation by the old board, dated November 13, 1811. Among the papers of the confirmation appears the concession of two by forty arpens of land to Auguste Condé, dated 10th January, 1770, recorded

in *livre terrein*, No. 1, p. 31.  The notice of the claim filed with the recorder of land titles, on the 23d of May, 1808, by Louis Lemonde, is as follows : " To Frederick Bates, Esq., recorder of land titles for the territory of Louisiana : Sir—Take notice that I claim a tract of land situate Big prairie, district of St. Louis, formerly the property of Mr. Condé, containing one arpent by forty, as appears by the concession remaining in your office, book No. 1, p. 31.   St. Louis, 23d May, 1808.

his<br>" LOUIS &times; LEMONDE,<br>mark.

" Witness : M. P. LEDUC."

.The confirmation is as follows : " Louis Lemonde, assignee of Auguste Condé, claiming one by forty arpens of land, situate Big prairie, district of St. Louis, produces a concession from St. Ange and Labuxiere, L. G., dated 10th January, 1770. The board grant to the representatives of Auguste Condé forty arpens of land under the provisions of the second section of the act of congress entitled ' An act respecting claims to land, passed 3d March, 1807,' and order that the same be surveyed conformably to possession, (survey at expense of United States,) as ascertained by report of survey dated as above,. 10th January, 1770."

Here the concession was made to Condé in 1770.   Lemonde filed the notice of the claim in May, 1808.   The board grant to the representatives of Condé forty arpens of land in November, 1811.

Nowhere does it appear among the records of the case that Lemonde filed before the recorder any evidence of his derivation of title from Condé.   There is nothing showing or stating how he claims title, or showing the nature of his claim.   He gives the notice : " Sir—I claim a tract of land situate in Big prairie, district of St. Louis, formerly the property of Mr. Condé." He does not set forth how, nor does he file any evidences of his right to claim—does not show himself an heir or a legal representative of Condé.

Hogan v. Page.

The board did not grant to Lemonde, as assignee of Condé. They did not commit themselves to the fact that he was assignee; they disregard Lemonde and grant to the representatives of Condé.

The fourth section of the act of congress of 2d March, 1805, has the following among other provisions: "And every person claiming lands in the said territories, by virtue of the two first sections of this act, or by virtue of any grant or incomplete title, bearing date subsequent to the first of October, one thousand eight hundred, *shall*, before the first day of March, one thousand eight hundred and six, deliver to the register of the land office or recorder of land titles, within whose district the land may be, *a notice* in writing, stating the nature of his claim, together with a plat of the tract or tracts claimed; and shall also on or before that day, deliver to the said register or recorder, for the purposes of being recorded, every *grant, order of survey, deed, conveyance, or other written evidence* of his claim, and the same shall be recorded by the register or recorder, or by the translator hereinafter mentioned, in books to be kept by them for that purpose, &c., &c.; provided, however, that where lands are claimed by virtue of a complete French or Spanish grant, as aforesaid, it shall not be necessary for the claimant to have any other evidence of his claim recorded, except the original grant or patent, together with the warrant or order of survey and the plat; but all the other conveyances or deeds shall be deposited with the register or recorder, to be by them laid before the commissioners hereinafter directed to be appointed, when they shall take the claim in consideration. So much of this fourth section of the act of 1805 as required the claimant to deliver to the register or recorder the plat of the tract or tracts, was repealed by the third section of the act of 28th February, 1816, still leaving it the duty to file the *grant, order of survey, deed, conveyance, or other written evidence of title.* The fifth section of the act of 3d March, 1807, extended the time of delivering the notices in writing and the written evidences of claims to the register

5—VOL. XXII.

and recorder to the 1st of July, 1808. Under this act, thus extending the time, the notice in the present case was given; this act still speaks of " the written evidences of claims to lands."

Let us see what is to be done by the claimant. He is to give notice of the *nature* and extent of his claim. What is meant by the nature of his claim? Will it answer to say to the recorder : " Sir—Take notice I claim a tract of land formerly belonging to A. B., containing one by forty arpens, as appears by the concession remaining in your office, book 1, p. 31"? This can not be said to show the nature of his claim. He must go further ; show by what means he claims, and then file his written evidence of claim. This notice of claim does not explain its nature nor extent. The words, " as appears by concession remaining in your office," do not show the nature or manner of his claim, but allude only to the grant or concession for the description of the tract conceded.

The acts of 1805, 1806 and 1807 all continue the requisition of delivering to the register or recorder the written evidence of the claim.

The old board, although they use the phrase, " the board grant" to the representatives of Auguste Condé, did not, in reality grant, nor had the board the power to grant the land. They had power to hear and decide all matters respecting such claims, and to decide, in a summary way, according to justice and equity, on claims filed with the recorder, in conformity with the provisions of the act, and on all complete French and Spanish grants, the evidence of which, though not thus filed, may be found of record on the public records of such grants ;" evidently requiring the evidence of all incomplete grants to be filed and placed, for the consideration of the board, before them. This old board did not grant—had no power to grant; they decided whose grants or concessions heretofore made by the French or Spanish authorities, ought to be confirmed, and their decision was good and valid against the United States. They did not therefore grant the land in the present case, but decided that Condé's representatives were entitled to it. That

is the effect of their decision in whatever language couched. This board were empowered to decide upon the claims. They could determine to whom the grant, which had heretofore been made, was to be confirmed, and in this case, they do determine. Lemonde says: " I claim the land, formerly the property of Mr. Condé." The board say : " We grant the land to Condé's representatives." Now, unless Lemonde shows by evidence, by conveyances, or by other facts, that he is such representative, the grant can not enure by its terms to his benefit. The board did not, by the use of the terms representatives of Condé, intend to be understood as deciding more than that the grant was good, and by their decision divested the United States of their title. The grant heretofore made to Auguste Condé is good ; and they now decide that it should be confirmed to his legal representatives, which decision makes it a good and valid grant against the United States, in favor of Conde's legal representatives, and thereby the United States became divested of the title. But the board did not say, and would not say to Lemonde, " we confirm the grant to you, as assignee of Condé." The board manifestly left the question, as to who were the legal representatives of Condé, open, to be hereafter settled by other authority. The board was not willing, without evidence of transfers before them, to grant or confirm to the person who barely filed the notice, and exhibited no evidences of title before them. Therefore, there is meaning in the phrase, " the board grant the one by forty arpens of land to the legal representatives of Auguste Condé." If Lemonde can show himself to be such representative by other evidence of title in writing, or by any fact, that he is such representative, then the confirmation or grant, as the board call it, is to him or for him. But, unless he can, then it is to the legal representatives of Condé, and not to Lemonde. In all the cases before the Supreme Court of the United States, in which they have held or intimated that the confirmation was to him who filed the claim, there was evidence of the intermediate transfers or deeds or conveyances from the original grantee to the claimant. The claimant shows that he

is the assignee, or the real or supposed owner, by his evidences of title, and the confirmation is, in effect, to him. Because the person in whose name the original grant was made having parted with his interest in the land to the person who files the claim and gives the notice, can not be said to be a claimant; nor has he any grant to be confirmed. The person claiming shows this; he files his written evidences of claim before the register or recorder; the board can see that the original grantee has parted with his right; has neither land nor claim, nor can he be a claimant.

Tillier, in the case of Bissell v. Penrose, filed the claim in the office of the recorder; prosecuted it before the board of commissioners. He represented the interest of one of the sons of Vasquez, in quantity eight hundred arpens. There were four sons, each one entitled to the same quantity. Tillier procured the private survey of his share, and filed his separate claim for that amount, *together with the conveyance* from the original grantee. Under these circumstances, it was insisted that the confirmation was to the son and not to Tillier. The Supreme Court remarked: "It was difficult to perceive what right or claim the son had, either before the commissioners or congress, to be confirmed. Having parted with all his interest, he had neither land nor claim, nor was he a claimant, as that term is regarded as applicable to those only in whose name the claim was filed with the recorder, under the act of 1805." That is, in accordance with the act, filing all the written evidences of transfers and other deeds and conveyances. Here Tillier was regarded as the confirmee; he had filed the written evidences of his claim before the recorder. These evidences showed that young Vasquez had no claim, but that Tillier had.

Not like this case, Lemonde files no evidence of derivative title — shows no right to the land — simply claims it without any evidence. The board confirmed the grant to Conde's representatives. Now I do not see how this confirmation, by its terms, can enure to Lemonde from what is exhibited in this case. In Stoddard v. Chambers, there were intermediate con-

veyances from Bell to Mackay, and from Mackay to Stoddard. I find no case where that court has decided that the bare giving of the notice, without any evidence of title, or any written evidences from the original grantee to him who gives the notice, would make the confirmation to the original grantee enure to him who gave such notice. In all the cases that have come under my observation, where this doctrine has been laid down, there were evidences of transfer from the original grantee to the claimant who gave the notice and presented the claim.

In the case of Boone v. Moore, (14 Mo. 420,) there were intermediate transfers and conveyances, showing the title had passed from David Cole to Mackay, and from Mackay to Richardson. These written evidences before the recorder showed that neither Cole nor Mackay had any land to be confirmed. They were not and could not be claimants. Richardson had obtained the land as granted to Cole from Mackay, who had personally obtained it from Cole. He was the claimant, and although the confirmation was to David Cole, or his legal representatives, yet it might well come to Richardson, for he showed that he had the title of David Cole, by his written evidences before the board. True, the judge, in delivering the opinion, rejects as immaterial all these intermediate conveyances, and holds that, under the decisions of the Supreme Court of the United States, Richardson had the title confirmed to him ; it was in him, and not in Cole or his representatives, he being the person who filed the claim before the recorder. Yet, as that Supreme Court has never pronounced this doctrine in any other cases than such as manifestly showed by the evidences filed before the recorder, that the claimant was the then owner of what had heretofore been granted to another, I feel unwilling to extend the doctrine to the length it was carried in this case of Boone v. Moore, because there was no necessity of going that far in that case. The record showed the case was within the principle of Bissell v. Penrose, and might have been settled by it if the question of evidence had been determined ; and to get clear of this question, the case went a step in advance of the doctrine of the Supreme

Court, or rather applied that doctrine to a case not within the range of the cases where it had been first promulgated.

I forbear to notice the other points, further than to say that we do not consider the deed from Lemonde's heirs to the plaintiff void for uncertainty.

The court should have instructed the jury, as requested by defendant, "that, from the plaintiff's showing, he could not recover in the present action." Its judgment is reversed, and the cause remanded; the other judges concurring.