JOHN HOGAN, Plaintiff in Error, v. DANIEL D. PAGE, Defendant in Error.

*Confirmation.*—A confirmation by the board of commissioners under the act of Congress of March 3d, 1807, is a better title than a confirmation by virtue of the 1st section of the act of June 13, 1812.

*Enurement.*—Hogan v. Page, 22 Mo. 55, affirmed. When the board of commissioners, under the act of Congress of March 3d, 1807, issued a certificate of confirmation to the legal representatives of the grantee under the French Government, and not to the party who presented the claim, the certificate does not enure to the benefit of the claimant unless he prove himself to be the assignee or legal representative of the person in whose name the certificate issued.

*Appeal from St. Louis Land Court.*

This was an action of ejectment, brought by Hogan against Page, in the St. Louis Land Court, for a portion of a common field lot of one by forty arpens in the St. Louis Grand Prairie. The answer of defendant admitted that at the time of the institution of the suit he was in possession of nineteen ninety-sixth parts of the premises sued for.

The plaintiff gave in evidence the following confirmation papers :

· To Frederick Bates, Esq., recorder of land titles for the Territory of Louisiana. Sir : Take notice, that I claim a tract of land situate in Big Prairie, district of St. Louis, formerly the property of Mr. Condé, containing one arpent by forty arpens, as appears bp the concession remaining in your office, Book No. 1, page 31.

St. Louis, 23d May, 1808. LOUIS LEMONDE, ✕ *his mark.*
(See Book D, page 165.) · Witness—M. P. LEDUC.

( *Cert.* 1276.)

Wednesday, November 13, 1811.

Board met. Present—John B. C. Lucas, Clement B. Penrose, and Frederick Bates, commissioners.

Louis Lemonde, assignee of Auguste Condé, claiming one by forty arpens of land situate in Big Prairie, district of St. Louis, produces a concession from St. Ange and Labuxiere, L. G., dated 10th January, 1770. The board grant to the representatives of Auguste Condé forty arpens of land under the provisions of the 2d section of the act of Congress entitled "An act respecting claims to land," and passed 3d March, 1807, and order that the same be surveyed conformably to possession, (survey at the expense of the United States,) as ascertained by report of survey dated as above, 10th January, 1770.

Board adjourned till to-morrow, nine o'clock A. M.

JOHN B. C. LUCAS,
FREDERICK BATES,
CLEMENT B. PENROSE.

(See minutes of the board, Book No. 5, pages 398, 399 & 407.)

Translation of grant to Condé preceding the foregoing :

( *Condé.*)    The 10th January, 1770.    Upon the demand of Mr. Auguste Condé, surgeon in St. Louis, we have conceded and we do concede to him, his heirs and assigns, in fee simple, a tract of land situated in the Grand Prairie of the said village of St. Louis, containing two arpens in width by forty arpens in depth, bounded on one side by the land of Mr. Hervieux, and on the other side by the land of Louis Dehêtres, in order that himself, the said Condé, and his representatives, may enjoy the same in full property, under the conditions to settle the said land within one year and a day ; and that the same is to remain liable to the public and other charges which his majesty may be pleased to impose thereon.

Given in St. Louis, the said day, and we have signed.

LABUXIERE.

The following is a copy of the receipt on file in the office of the recorder of land titles for the confirmation certificate No. 1276 :

Received, St. Louis, January 27, 1825, of the recorder of land titles, the commissioners' certificate of confirmation No. 1276, relating to a field lot in the Big Prairie, St. Louis county.                          LOUIS LEMONDE, ✕ *his mark.*

Test—M. P. LEDUC.

Plaintiff next gave in evidence the U. S. survey No. 1276, from the office of the surveyor general of Illinois and Missouri, approved May 5th, 1851.

As there was no question of boundary or location in the case, it is unnecessary to set out this survey.

Plaintiff next proved that Angelique Raymond, Ann Fontaine and Baptiste Lemonde were the only surviving heirs of Louis Lemonde, and then offered in evidence a deed from

them to himself dated the 2d of March, 1850, the description in which was as follows: "All the right, title, interest and estate which we or any or either of us have or may have to a certain tract of land which the said Louis Lemonde, now deceased, but formerly a resident of said city and county and State, acquired, or claimed to have acquired, of Auguste Condé, formerly of St. Louis, now deceased, and which land was supposed to have been situated in the Grand Prairie in said county and State, but for which land said parties of the first part have never seen any deed from said Auguste Condé to said Louis Lemonde."

To the reading of this deed in evidence defendant objected on account of the vagueness and uncertainty of the description of the property which it purports to convey; but the court allowed the deed to be read, and defendant excepted.

Plaintiff then read in evidence the deposition of Madame Marian Baccanné to prove the cultivation and possession by Louis Lemonde of the common field of one by forty arpens, of which the *locus in quo* was a part, prior to the 20th December, 1803. He also proved that Auguste Condé was dead on the 13th January, 1778.

The defendant offered no evidence of any kind.

This being all the evidence in the cause, the plaintiff prayed the court to give the jury the following instructions:

1. If the jury find from the evidence, that, at the time the claim mentioned in the confirmation papers given in evidence by the plaintiff was presented to the board of commissioners for confirmation, Auguste Condé was dead, and that the same was presented by Louis Lemonde in his own right as the assignee of said Condé, and that the certificate of confirmation was accordingly delivered to said Lemonde, as such assignee and claimant as aforesaid, by the recorder of land titles, then the confirmation of said claim enures to said Lemonde.

2. If the jury find from the evidence, that, for ten consecutive years prior to the 20th day of December, A. D. 1803, Louis Lemonde had been in possession of the tract of land of which the premises sued for are a part, and that said tract

was not claimed by any other person, and did not exceed two thousand acres; that said Lemonde on that day was resident in the Territory of Louisiana, and had still possession of such tract of land; that the claim to said tract of land was presented by said Lemonde to the board of commissioners for confirmation, and that Auguste Condé was at that time dead; that said claim was presented to the board by said Lemonde in his own right as assignee of Condé, and that the certificate of confirmation of said claim was delivered to said Lemonde, as such assignee and claimant as aforesaid, by the recorder of land titles,—then the confirmation of said claim enures to said Lemonde.

3. If the jury find from the evidence that the premises in possession of the defendant at the commencement of this suit are a part of a tract of land which was cultivated by Louis Lemonde prior to the 20th day of December, 1803; that said Lemonde was at the time of such cultivation an inhabitant of the town of St. Louis; that said tract of land was situated in the Grand Prairie in the neighborhood of said town, and was used by said Lemonde for the purposes of cultivation, and was one of a series of lots of similar form and character also used by the inhabitants of said town for the purposes of cultivation, and lying adjoining each other in the same general range of lots,—then the claim of said Lemonde to said tract of land was confirmed to him by the act of Congress approved the 12th of June, 1812.

But the court refused to give these instructions, and the plaintiff duly excepted.

The defendant then asked the court to give the following instruction to the jury:

" The jury are instructed, that, upon the case as made by the plaintiff, he is not entitled to recover."

Which instruction the court gave, and the plaintiff excepted.

The jury having found a verdict for the defendant, the plaintiff immediately filed his motion for a new trial, for the reasons—1. That the court gave the jury illegal instructions.

at the prayer of the defendant; 2. That it refused to give the instructions prayed by plaintiff; and 3. That the verdict was against law and evidence, and the weight of evidence. But the court overruled the motion, and the plaintiff excepted.

The case was argued by *Lackland, Cline & Jameson,* on the printed brief prepared by Mr. Polk.

I. In making a presentation of this case to the court for the appellant, in order that his counsel may be the better understood, he does not follow the order in which the case stands before the court below, upon the instructions prayed.

The attention of this court is therefore invited, first, to the *third* instruction prayed by appellant's counsel, and refused by the court below.

That instruction is framed with reference to the first section of the act of Congress of the 13th of June, 1812. And the appellant's counsel contends that it is a correct exposition of the first section of that act. That upon the facts as stated in the instruction, a title was vested to the premises therein described, in Louis Lemonde. (Harrison v. Page, 16 Mo. 182; The City of St. Louis v. Toney, 21 Mo. 243; Act 13th June, 1812, 2 Story's Laws, 1257.)

II. There was evidence before the court and jury to warrant the appellant's third instruction.

But it may be objected, that, in consequence of the proviso of the first section of the act, no title could be vested in Lemonde, because of the confirmation by the old board.

It does not lie in the mouth of the defendant, a lawless trespasser, to make any such objection. (See Macklot v. Dubreuil, 9 Mo. 473.)

But the proviso itself, by its own words, limits the extent of its operation. It says that the act shall not affect the rights of any persons claiming the same lands by virtue of a confirmation of the old board. It is confined exclusively to persons *claiming* the same lands by virtue of a confirmation by the old board. Such claimants, and they only, can set up

a confirmation by the old board against a confirmation by the first section of the act of 1812.

But defendant did not claim the same land by a confirmation of the old board. And nobody claiming under Condé objected to the plaintiff's title under the act of 1812. Indeed, the plaintiff claimed that the confirmation by the old board enured to himself as the assignee of Condé; he claimed himself the same land by virtue of the confirmation of the old board, and he was the only person claiming it by that confirmation.

III. The first and second instructions prayed by the plaintiff both have reference to the confirmation of the old board and to the act of Congress of the 3d of March, 1807, and ought to have been given by the court.

The second is more full and comprehensive than the first, and more fully embodies the plaintiff's views of his rights by virtue of said confirmation under the act of 1807.

a. Appellant maintains, first, that the facts in proof justified him in asking, and the court in granting, the instruction.

1st. There was proof tending to show that for ten consecutive years prior to the 20th December, 1803, Louis Lemonde had been in possession of the land of which the premises sued for were a part, for Madam Baccanné testified that Lemonde cultivated the land in the *life-time* of Auguste Condé, and he died, as was also proved, prior to the 13th January, 1778, and there was nothing to show that any person else either cultivated or possessed the tract after that date and before the said 20th of December.

2d. There was no proof that said land had ever been claimed by any other person than Lemonde after his cultivation of it had commenced, as proved by Mad. Bacanné.

3d. The proof showed that the tract in question did not exceed two thousand acres. In fact, it was a tract of one by forty arpens, being a common field lot in the St. Louis Grand Prairie. Of this there was, and could be, no question.

4th. On the 20th December, 1803, said Lemonde was a

resident of the Territory of Louisiana. This was shown by the testimony of Mrs. Bacanné.

5th. On that day, (the 20th December, 1803,) Lemonde still held the possesssion of the land. For, as already stated, Lemonde was proved to have cultivated the land in the lifetime of Condé, and that he was dead in 1778 ; and no other person was proved ever to have cultivated the land after Lemonde. In such case, the necessary legal inference is that Lemonde's possession subsisted until, and on, the 30th December, 1803.

6th. The claim to the land was presented to the board by Louis Lemonde in his own right as assignee of Condé. This is all shown by the record of the confirmation.

7th. It was shown that Condé was at that time dead, for, as already said, the proof was that he was dead on the 13th of January, 1778.

8th. The certificate of confirmation was delivered to said Lemonde. This fact was also established by the very record of confirmation.

*b.* The proof justifying the facts stated hypothetically in the instruction, the confirmation enured to Louis Lemonde. (See 1st section of the act of 3d March, 1807 ; Stat. at Large, vol. 2, p. 441 ; 2 Story's Laws, 1059.)

Yet the Land Court said, by denying the plaintiff's second instruction, that, under these circumstances, and in such a state of facts, the confirmation did not enure to Lemonde.

Still further, the meritorious ground upon which a title could be granted by the 2d section of the act of 3d March, 1807, was a possession for ten consecutive years prior to the 20th of December, 1803, and subsisting on that day, by a person then resident of the Territory. To a person having a possession of this character, and being then a resident of the Territory, no documentary or written evidences or muniments of title, no concession or deeds of any kind, were necessary.

The case of Strother v. Lucas, in 6 Peters, 770–1–2, and also again in 12 Pet. 458, is strongly in support of the position, indeed conclusive on the point, that the confirmation in

this case enures to Louis Lemonde. But I do not urge *my* inter-
pretation of that case upon this court. It has been interpre-
ted by the Supreme Court of the United States, the same
court that decided the case of Strother v. Lucas. I rely, be-
fore this court, upon that interpretation.

In Bissell v. Penrose, 8 How. 338, the Supreme Court
says, " that on each occasion when it (the case of Strother v.
Lucas) was before the Supreme Court (6 Pet. 772 ; 12 Pet.
458) it was held that the confirmation was to be deemed to
be in favor of the person claiming it."

It seems to me that this is conclusive in favor of Lemonde.
He undoubtedly was the *person*, and the *only* person, *claim-
ing* the confirmation.

Equally conclusive upon the point that Lemonde was the
party entitled to the confirmation in this cause, is the case
of Landes v. Brant, 10 How. 348. In that case, the court
say, that when the commissioners decided in favor of a claim,
the decision settles two points : " 1. That the claimant is the
proper person to receive the certificate."

This same point was before this court in the case of Boone
*et al.* v. Moore, 14 Mo. 420, (his honor Judge Napton deliv-
ering the opinion of the court,) and there it was held that
the confirmation enured to the person claiming the land be-
fore the board.

There has been a case before this court between these same
parties, (Page v. Hogan, 22 Mo. 55,) in which this confirma-
tion, made upon the claim of Lemonde, was under considera-
tion. And upon the facts of the case, as then presented upon
the record of that case, it was held that the confirmation did
not enure to Lemonde, but to the legal representatives of
Auguste Condé, the original concedee. But the record of
that case did not present it to the court as the record in this
case does.

In the first place, there was no such instruction asked by the
plaintiff (Hogan) as the third instruction contained in the
record in this case. In the next place, this third instruction
presents a state of facts as bearing on the question of whether

the confirmation was in favor of Lemonde or Condé, that was not brought before this court when this confirmation was before it at a former day. In the third place, when the confirmation was before the court heretofore, it was not shown by the record that Auguste Condé was dead on the 13th January, 1778. So that, as the case then stood before the court, it was consistent with the facts in proof that Condé, the original concedee of the land, may have possessed and cultivated it for ten consecutive years prior to the 20th December, 1803, and was at that date a resident of the Territory; and thus, that under the 2d section of the act of 1807 the confirmation was vested in him on the ground of his possession.

But, as this case now stands before the court, the record shows that Condé was dead on the 13th January, 1778, and consequently that—1st, he could not have been a resident of the Louisiana territory on the 20th December, 1803, as is required by said second section, in order that he should be confirmed in a tract of land; and that, 2d, he could not have cultivated the tract of land for ten consecutive years prior to the said 20th of December, as was also required by said second section.

This case, as it now stands on the record before the court, being different in many and material respects from that heretofore before this court between the same parties, it will receive full consideration on its merits as now presented by the record. (Strother v. Lucas, 12 Pet. 434.)

But the case of Bissell v. Penrose, I contend, clearly decides that the filing written evidence of title is *not* the thing that makes a person a claimant in the sense of the statute; but, that he in whose name the notice is filed with the recorder is claimant, for the Supreme Court of the United States say, in that case, " the son of Vasquez having parted with his interest, he had neither land nor claim, nor was he a claimant, as that term is regarded as applicable to those only in whose name the claim was filed with the recorder, under the act of 1805." Thus asserting " *in ipsissimis verbis,*" that the term *claimant* is applicable to those *only* in *whose name*

6—VOL. XXXII.

the claim, or rather notice of claim, is filed with the recorder. And if this is so under the act of 1805, it must also, of necessity, be so under the act of 1807.

Now, I call particular attention to the *dates* in this case, and to the fact that Lemonde's claim was filed on the 23d of May, 1808, and that he claimed as assignee of Condé, who was shown to have been dead on the 13th January, 1778, so that he must have become such assignee prior to that day. By the Spanish law, as the same was in force in Missouri until 1816, a *verbal* sale of land was valid, although possession was not taken of the land by the vendee at the time of the sale."

This point has been so expressly decided by this court in the case of Allen v. Moss, 27 Mo. 354. This decision was made, to be sure, since the opinion under review was written; but the decision did not so make the law—it only declared it. The law was so before. And such, I believe, was the general sentiment of bar and bench. And this court, in the case of Allen v. Moss, refer to many cases decided in the State of Louisiana long before, so deciding the Spanish law to have been.

But Lemonde may have even had a deed of assignment, which he omitted to deliver to the recorder, to be recorded, and which he produced to the board; and they may have received it notwithstanding the omission. And this the board was fully competent to do; for, by the act of Congress, " their decision in favor of the claimant was final." They, therefore, were competent to say that they would not impose upon him the loss of his land as the penalty of omitting to record his instrument of assignment.

*J. R. Shepley*, for defendant in error.    No brief on file.

BATES, Judge, delivered the opinion of the court.

This case was in this court once before, and the decision in it is reported in 22 Mo. 55. Having been remanded to the St. Louis Land Court, it was there tried again and judgment given for the defendant; and to reverse that judgment the plaintiff has brought the case again to this court by writ of

error.   At the trial below, the plaintiff gave in evidence the same confirmation to the representatives of Auguste Condé, which was considered by the court when the case was here before, and claimed as heretofore that that confirmation enured to Louis Lemonde, under whom he claims.   He also gave some evidence of possession of the premises by Louis Lemonde prior to the 20th day of December, 1803, and claimed thereby a confirmation by virtue of the act of Congress of 13th June, 1812.

The Land Court instructed the jury that " upon the case as made by the plaintiff, he is not entitled to recover."

To entitle the plaintiff to recover, he must show title in himself; and until he has made a *prima facie* case, the defendant is not bound to show any color of right to the possession.

I. This court, when the case was here before, fully and clearly decided that the confirmation to Condé's representatives did not enure to Lemonde.   The plaintiff claiming only under Lemonde, has therefore shown no title in himself under that confirmation.

II. The confirmation so given in evidence by the plaintiff to the representatives of Condé is a superior title to a confirmation to Lemonde by the act of 1812.   The plaintiff has thus himself shown that he has no title by confirmation under the act of 1812.

Therefore the court properly instructed the jury that he was not entitled to recover.

Judgment affirmed.   Judges Bay and Dryden concur.