ST. LOUIS GAS LIGHT COMPANY *et al.*, Appellants, *v.* BARTHOLOMEW REISS, Respondent.

*Confirmation.*—A confirmation made by the old board of commissioners, in 1811, to A., or his legal representatives, is a confirmation to A., or to those who prove themselves to hold the title derived from A., and not to the person presenting the claim. (Hogan v. Page, 22 Mo. 55, and 32 Mo. 68, affirmed.)

*Appeal from St. Louis Land Court.*

This was a suit in ejectment for a lot of ground in St. Louis. Title shown as follows:

" Concession by Cruzat to John B. Provenché for one by three arpens of land at the mouth of the Taillon creek, now Mill creek, in 1784. In September, 1784, John B. Provenché sold to J. Friar Bernardo, of Limpach, one and a half arpens front by three arpens deep."

Inventory of the estate of Louis Ride, containing the following: "A grant of land three arpens deep by one and a half wide situated on the river bank, on the south and near the mouth of the little river Taillou, in favor of John Baptiste Provenché, with the deed of sale made of said land to Rev. Friar Bernardo, of Limpach, the said sale being transferred to the deceased, Louis Ride, as so certified by the said Reverend Friar, marked No. 5." Inventory made in December, 1787.

In December, 1787, the said three by one and a half arpens were sold to Louis Ride, jr. Louis Ride, jr., sold to Jos. Bayancour one by three arpens of land in May, 1788. Philip Riviere conveyed to Calvin Adams in December, 1805, by deed reciting that " Joseph Bayancour, who, for and in consideration of the sum of forty dollars, sold the said land (one by three arpens) to Philip Riviere, party to these presents," and Philip Riviere sold the same to Calvin Adams.

Calvin Adams, upon the foregoing papers and a plat, filed his claim for a confirmation before the old board of commissioners, 28th February, 1806.

1811—December 6. Confirmation as follows: " *Calvin Adams, assignee of John Babtiste Provenché,* claiming one and a half by three arpens of land situate south of the town of St. Louis, produces a concession from Cruzat to John B. Provenché, dated 31st August, 1784.

" The board grant to the legal representatives of John Baptiste Provenché one and a half arpens by three arpens of land, * * * and order the same to be surveyed conformably to possession, survey at expense of claimant."

1845—June 13. U. S. survey No. 319 of this confirmation so as to include the premises in question.

Deed from Calvin Adams to plaintiff. Deeds from heirs of J. B. Provenché to plaintiff.

*B. A. Hill,* for appellant.

I. The foundation of the title is the confirmation by the United States in 1810; the Spanish title giving no claim at law or in equity that could be enforced in a court of justice. (Acts of Congress of 1805 & 1807, pp. 123, 153, Pub. Lands, vol. 1; Strother v. Lucas, 12 Pet. 458; Mackay v. Dillon, 4 How.; LeBois v. Brammell, 4 How.; Chouteau v. Eckart, 2 How.)

II. The confirmation is to the claimant and no other person, (p. 123, § 4, p. 154, § 4, Pub. Lands, vol. 1.)

The express words of the grant are capable of no other construction. (Sec. 4, act of 1807.)

III. The decisions of the Supreme Court of the United States and of this State are conclusive to the same effect. (Landes v. Perkins, 12 Mo. 254, 255; Strother v. Lucas, 12 Pet. 458; id. 6 Pet. 772; Bissell v. Penrose, 8 How. 338; Boone v. Moore, 14 Miss. 420.)

IV. The confirmation is to Provenché or to Adams, and the foundation of the title is from the United States by force of the acts of 1805 and 1807.

If the confirmation is to Provenché in 1808, Friar Bernardo has no title by the express words of the 4th section of the act of 1807. All claim by Friar Bernardo is expressly barred by the act.

As the grant in this case of Provenché is defined by the United States survey, the title has passed to the confirmee for the land surveyed, and for no other or different land. (Magwire v. Tyler, 24 Mo. 484; West v. Cochran, 17 How.; Carondelet v. St. Louis, 1 Black.)

*T. T. Gantt,* for respondent.

I. The case may be thus summed up:

*a.* Concession to Provenché, dated August 21, 1784.

*b.* Deed from Provenché to Limpach, dated September 16, 1784. No deed from Limpach to anybody.

*c.* Proceedings in the matter of the succession of Louis Ride whereby it appears that his claim to this land was sold to Louis Ride, jr., (1787.)

*d.* Deed from Louis Ride to Bayancour, dated May 26, 1788. No deed from Bayancour to anybody.

*e.* Deed from Philip Riviere to Calvin Adams, dated December 3, 1805.

These are the papers preceding the presentment of the claim to the old board. Pending its consideration by that board Adams' interest in it was sold to Carr, under whom, as well as under Tournot, heir of Provenché, plaintiff claimed by derivative title.

The case lies in a small compass, according to the repeated decisions of the court. The confirmation was to Limpach under the evidence adduced. (Hogan v. Page, 22 Mo. 55; Hogan v. Page, 32 Mo. 68.)

BATES, Judge, delivered the opinion of the court.

The plaintiffs claimed title as derived from two different sources, that is, from Calvin Adams and from the heirs of Provenché.

The first instruction given defeated their claim under Adams.

That instruction was correct. Although Adams presented the claim to the board, the confirmation was made expressly to Provenché or his legal representatives.

It did not enure to Adams merely for the reason that he was the claimant. (Hogan v. Page, 22 Mo. 55, S. C. 32 Mo. 68; Mercer v. Letcher, 22 Mo. 66; Papin v. Massey, 27 Mo. 445.)

Nor did the deeds given in evidence show a connected chain of title from Provenché to Adams.

The second instruction given defeated their claim under the heirs of Provenché, and it was also correct. The con-

firmation enured to Provenché, if he was living and had not conveyed the property. If he had conveyed the land, it enured to his assignee, and it only enured to the heirs if Provenché was dead, and had not conveyed his claim. (Papin v. Massey.) The conveyance given in evidence from Provenché to Limpach was effectual to pass his title, and the confirmation enured to Limpach or his assignees, if he had any, and the plaintiffs did not show themselves the assignees of Limpach.

Judgment affirmed; Judges Bay and Dryden concur.