### BENJAMIN BOONE et al. vs. JAMES D. MOORE.

1. A decision of the board of commissioners, confirmed by the act of Congress of July 4th, 1836, in favor of the legal representatives of the original claimant, is a confirmation to an assignee, filing the claim before the recorder of land titles, for confirmation.

2. A deed to the heirs of a man deceased is valid. *Id certum est quid certum reddi protest.*

### APPEAL from St. Charles Circuit Court.

### CAMPBELL, GLOVER & WELLS, for Plaintiffs.

I. The confirmation of this tract of land was to the man who exhibited it to the board of commissioners as his property and procured its confirmation, and not to David Cole the original grantee who had long before parted with the title, and never set up any claim to it. See Bissel vs. Penrose's heirs, lately decided by the Sup. C. of the U. S.

II. It was not necessary for the plaintiffs to produce the original papers constituting the chain of title from Cole to Richardson, but for the purposes of this suit it was sufficient to produce the confirmation procured at the instance and for the benefit of Jesse Richardson, and the conveyance from Richardson and wife to plaintiffs.

III. The copies of the deeds from Cole to Mackey, and from Mackey to Richardson were

read to the jury without objection, and do make out a perfect chain of title from Cole to Richardson.

IV. The instruction given by the court to the jury was not warranted by the testimony given in the cause.

V. The instruction given by the court is too broad, and takes the whole case from the jury and leaves nothing for them to decide.

VI. The evidence shows that the defendant claimed the land under Zachariah Moore, as his administrator, who held it by virtue of a title bond from Richardson and wife—that Z. Moore had assigned the title bond to John W. Boone, the father of the plaintiffs, and, that in conformity to that title bond assignment, Jesse Richardson and wife conveyed the land to said John W. Boone.ⁱ Under these circumstances, it appears that both parties claim the title derived from Z. Moore, and that the title of said Moore was divested in favor of said Boone; and thus the defendant is precluded from going beyond the title of said Z. Moore, and he has given no evidence to impair the validity of the assignment from Z. Moore to John W. Boone, and the deed from Richardson and wife to plaintiffs.

In this cause it appears, that the land was confirmed at the instance and as the property of of Jesse Richardson, assignee of James Mackey, who was assignee of David Cole. The land was granted to Dav. Cole in the year 1798—the evidence shows that he cultivated it. The deed of transfer from him to Mackey is dated in July, 1799, and it does not appear that Dav. Cole ever afterwards set up any claim whatever to this land: he took no steps to have it confirmed, but long before the transfer of Louisiana to the U. S., he had ceased to be the owner or claimant of said land. He obtained the land in St. Louis district, conveyed to him by Mackey, and with it he appears to have been fully contented, and to have left the land now in controversy to his assignee. In September, 1803, the land was sold by Mackey to Jesse Richardson who thus became the owner thereof, before the country was transferred to the U. S. When the U. S. became the owner of the country, the land in controversy was the property of Jesse Richardson, and he was the person to whom the government was bound to confirm the same. In the year, 1805, the survey of the land was made by Mackey, at the request and as the property of Jesse Richardson, and on the survey it is marked as the property of said Richardson. Neither Cole nor Mackey ever set up any claim to the land after the transfers made to them, and mackey afterwards surveyed the same as the property of Richardson, and appeared before the first board of commissioners as a witness in behalf of Richardson, the claimant.

From the proceedings of the board of commissioners it appears that Jesse Richardson was the first and only claimant of the land—that he exhibited it to the board, claiming it as assignee of James Mackey, the assignee of David Cole—that with it he exhibited the original petition and concession—the certificate and part of survey made at his instance in 1805—a copy of the deed from Cole to Mackey, made in 1799 and of the deed from Mackey to Richardson in 1803, and that the proceedings were conducted and the evidence produced in the name of Dav. Cole. From the whole proceedings it appears, that Jesse Richardson has been the sole claimant of the property in controversy from the time that the country was transferred to the United States, to the time of its confirmation, and that neither Cole or Mackey pretended to claim the same. It was acted upon by the boards of commissioners at the instance, and as the property of said Richardson. When confirmed to Cole or his legal representatives, under such circumstances, the confirmation enures to the benefit of Jesse R., and the property becomes his absolutely.

From the testimony it also appears, that on the 24th day of December 1810, Jesse R. executed a title bond for said land to Z. Moore, and that said Z. Moore on the 3rd day of July, 1822, did assign said title bond to John W. Boone, and that after the confirmation, the heirs of John W. Boone did pay to said Jesse R. and wife eight hundred dollars, the purchase money of said land, and did obtain from them a deed of conveyance.

The title bond, assignment and deed last named, were all read in evidence without objec-

tion; and under such circumstances, the circuit court committed a gross error in instructing the jury that the plaintiffs could not recover on the evidence produced.

Notice of this claim, together with the survey and documents, must have been filed prior to the 1st of July, 1808, in conformity to the act of Congress; for the first board of commissioners, and also the board of commissioners appointed under the act of congress of 9th July, 1832, were expressly limited to such claims, and no board of commissioners was authorized to act on any claim of which notice had not been thus filed with the recorder. The commissioners in the discharge of their duty cannot be presumed to have acted on any claim not thus filed with the recorder, and in their general report they stated that they had not acted on any claims except those of which notice was given. No person ever appeared before the commissioners to exhibit this claim, except Jessee R. No other person ever asked them to confirm, and he is the man who is protected by the treaty and laws under it, and he is entitled to the full benefit of the confirmation. Neither Cole nor Mackey ever set up any claim to the land in question, or asked for its confirmation, and the confirmation should not be construed to enure for their benefit: See Exec. Doc. of 1835-6, p. 63, decision No. 10; also, decisions 7, 15, 33, 69; 6 Peters', p. 766; 2 Peters', p. 458; 2 Howard's, p. 284.

Additional

I. The copy of deed from Cole to Mackey having been read without objection, was no evidence and could not be disregarded legally by the court, and the same is true of the deed from Mackey to Richardson.

II. The said copies of deeds were legal and proper evidence. It was required by law to be deposited in the office of the recorder of land titles, and was duly certified by him: Rev. C., 1845, p. 468, sec. 11; also, 2 How., 316; 2 vol. Civil C., Louis 348, 350.

III. The copy of the deed from Cole to Mackey was legally proved by the certificate of James Mackey appended to the same as commandent of the post of Saint Andrew.

IV. The copy of the deed of Mackey to Richardson was legal evidence by the certificate of F. R. Conway, so that there was no valid objection to the reading the copies offered a second time, except that the same matter was already in evidence.

V. The continued, uninterrupted possession under these deeds and the other circumstances proved, were sufficient to warrant the presumption of the extinguishment of the rights of Cole and Mackey of themselves: 2 How. 316; 1 Wheat. 292.

VI. The defendant having entered under Z. Moore, and as his administrator, who was a mere tenant under Richardson, having had no deed for the land but only an executory agreement from Richardson, was estopped to deny his title which had passed to the plaintiffs: 5 Mo. R., 394; 2 Howard, 316; 2 Mass. R., 242; 7 Mon., 649; Adam's Eject., p. 50, 51— note (7.)

VII. The defendant may have had an actual occupation of part of the premises, but there was no evidence showing that his possession was adverse, and if it was it did not last twenty years, and was abandoned in 1844, by which act his only occupation on the tract was that which he held under the plaintiffs title.

VIII. The court consequently erred in deciding that the plaintiffs below could not recover.

IX. If the presumptions of law are, that Z. Moore was not dead at the time of the execution of the deed by Richardson to his averred assignee as contended by Mr. Coalter, still, as that point was not made in the circuit court, the judgment ought to be reversed and the cause sent to that court, where, if the point be made, it may be met with evidence, showing Moore's death prior to the execution of the deed.

COALTER, for defendant in error.

I. It is clear that this instruction, ("that the plaintiffs were not entitled to recover") is correct, if either of the two deeds offered in evidence by the plaintiffs were properly regis-

Boone et al. vs. Moore.

tered by the court; or, if the deed from Richardson and wife to the heirs of John W. Boone was inoperative and void, as each of these deeds constitutes a necessary link in the chain of title, and the failure of either would render the instruction correct. 1st. As to the deed from David Cole to James Mackey. I contend that it is clearly inadmissible on general princi-ples—there being no proof whatever, offered of its execution, and the deed not even purport-ing to be an original, but simply a copy. If it can be admitted at all, (not being admissible on general principles) it must be because it comes under some provision of our statute on the subject of evidence, and a clear examination of that statute will show that under none of its provisions, is said deed admissible in evidence. Secs. 10, 11, 12, 13 and 14 of chap. 59, of the Rev. Code of 1845, being the act concerning evidence, page 466, are the sections most nearly applicable to such a case, and it will be seen, that they do not cover the case. This deed is merely a copy, and purports to be nothing else. If the original had been deposited in the office of the recorder of St. Charles county, where, by law it belongs, then a copy cer-tified by said recorder, would be evidence by virtue of sec. 13 of the above recited act, and not otherwise.

The same remarks will apply to the deed from James Mackey to Jesse Richardson and wife. There remains now to be examined, the deed from Jesse Richardson and wife to the heirs of John W. Boone.

This deed was read without objection, and an objection to its being read would not have been well taken, because it was properly acknowledged, and therefore entitled to be read in evidence; but it may be examined as to its effect, and if found to be inoperative or void, then the instruction given by the court was well given.

The motion for the instruction, that the plaintiff could not recover on the title shown by him, raises the question of the effect of all the deeds shown by the plaintiff, and if any one of them was properly excluded from the jury, or inoperative, then the instruction was well given.

II. I contend that the deed to John W. Boone's heirs was inoperative and void for uncer-tainty. This deed purports to have been executed on the 21st of February, 1831, "to the heirs of the estate of John W. Boone, deceased, and assigns." I quote the words of the deed. There was no evidence before the court, that at that date John W. Boone was not still alive, and as the presumptions of law are always in favor of life, then J. W. Boone at the date of that deed must be taken to be alive, and being alive could have no heirs, in the legal accep-tation of the term, for the maxim is, *"Nemo est hœrs viventis"*

For these reasons then, that the two deeds above mentioned were properly excluded, and the deed to Boone's heirs inoperative, the instruction of the court was rightly given.

If this court finds that I am right in either of the positions taken with regard to the deeds, then the instruction was rightly given, for each is a necessary link in the chain of title of the plaintiffs, and any one failing, the plaintiffs' case must fail.

If it should be contended, that the confirmation was a confirmation to Richardson, to that I reply that this is a confirmation by act of congress, which act was passed in reference to a report of commissioners, and as the said act refers to the report, it is the same in effect as if the report was imbodied in the act of Congress. In order then to find what is confirmed, and to whom, we must refer to the report, and on doing so we find that the board are unanimously of opinion that four hundred acres should be confirmed to David Cole or his legal represen-tatives, according to the concession, thus giving no opinion as to the validity of mesne con-veyances, but leaving it to be settled by the courts, who are the legal representatives, sim-ply recommending for confirmation the original claim. This is certainly a sound view of the case, but if the court should be of a different opinion, and think that this is a confirmation to Richardson, still the question remains about the validity of the deed from Richardson to Boone's heirs, and this being void, the plaintiff is not entitled to recover.

As to the principle, that a grant to the heirs of a person not shown to be dead is void, a reference to authorities is hardly necessary; but I refer the court to 8 Jonson's Rep. p. 385;

Jackson *ex dem*, Cooper vs. Cory, wheie it is decided, "That a grant to be valid must be to a corporation, or to some certain person named, who can take by force of the grant, and hold in his own right, or as a trustee. In 1 Johnson, p. 73; Hornbeche vs. Westbrook, it is held that a grant to the inhabitants of a town not incorporated, is void.

NAPTON J., delivered the opinion of the court.

This was an action of ejectment, brought by the heirs of John W. Boone to recover possession of a tract of land in St. Charles county, containing about three hundred and twenty acres. The plaintiffs' title was derived from a confirmation under the act of July 4, 1836. Their title papers were the following:

1. The report of the board of commissioners, by which it appears that in November 1833, the claim of David Cole to four hundred arpens of land, according to the concession, was confirmed to said David Cole or his legal representatives. The concession was made in 1798 and was surveyed by Mackey in 1804 or 1805. The claim was filed before the Recorder of land titles in 1808 by Jesse Richardson, assignee of Mackey, assignee of Cole. The transfers from Cole to Mackey and from Mackey to Richardson were produced before the old board and filed.

2. A title bond from Jesse Richardson to Zachariah Moore, and an assignment of the same to John W. Boone. By this Richardson obliged himself to convey the tract in question to said Moore, so soon as it was confirmed—upon the payment of $800.

3. A copy of a deed from Cole to Mackey, admitted to have been received from the office of the recorder of St. Louis county—and a copy of a deed from Mackey to Richardson and wife, with evidence that careful search for the original thereof had been made without success in the recorder's office of St. Charles and St. Louis, in the office of the United States District Court at Jefferson City, and United States Circuit Court at St. Louis, and the United States Surveyor's office at St. Louis and among the papers of Jesse Richardson and those of Luke E. Lawless, the attorney who obtained the confirmation. These two papers were rejected.

4. A deed from Richardson and wife to the heirs of John W. Boone. This deed was dated 21st February, 1837—it conveys to "the heirs of the estate of John W. Boone, deceased, and assigns forever," the tract of land confirmed to Richardson, assignee of Mackey, &c.

Upon the close of the plaintiffs' evidence which consisted of the title papers above described and some oral testimony relating to the occu-

pancy of the land, the circuit court at the request of the defendant's counsel instructed the jury that the plaintiffs were not entitled to recover. Thereupon the plaintiffs took a non-suit, and to set aside the non-suit is the object of the present writ of error.

The first question which the record presents arises from the exclusion by the circuit court of the two copies of deeds from Cole to Mackey, and from Mackey to Richardson. If the confirmation made by the act of Congress of July 4, 1836, was to Richardson, and not to the legal representatives of Cole, the admissibility of these copies is an immaterial question. We understand the Supreme Court of the United States to have distinctly decided this question in the case of Bissel vs. Penrose, (Dec. term, 1849). That was a claim for 4000 arpens of land by the five sons of Vasques, one of whom, Benito, had assigned his claim to his proportion to one Rudolph Tillier. The whole claim was rejected by the old board of commissioners, but in 1833 it was confirmed by the second board. The name of Rudolph Tillier does not appear in the proceedings of the last board. The following is the decision of the board, as confirmed by act of Congress :

"The board are unanimously of opinion that the claim ought to be confirmed to the said Benito, Antoine, Hypotite, Joseph or Pierre Vasques, or their legal representatives, according to the concession."

This decision was held to be a confirmation to Rudolph Tillier, who filed the claim before the recorder, and sought its confirmation before the first board of commissioners.

Whatever may be thought of the grounds upon which this opinion is based, it will hardly produce any practical injustice, unless in rare cases. Mr. Justice Nelson appears to place the decision on the case of Strother vs. Lucas, and the usages of the Land Office. The case of Strother vs. Lucas must admit of a very latitudinous construction, if it can be applied to such confirmations as these, and the practice of the Land Office, as referred to by the learned Judge (2 Land Laws p. 747, 752) up to the period of Mr. Attorney General Bates' opinion in 1838, 1043, is decidedly against such a construction.

It would be a labor neither justifiable nor agreeable to enter into a full examination of this subject, in the present case. The whole subject was fully and ably discussed in the case of Tison vs. Labeaume, and I will give my views in that case upon the act of 1816, where a similar question arises.

In the case now before the court, there is no conflicting title, and the application of the decision in Bissell vs. Penrose is appropriate and just.

It is suggested that the instruction given by the circuit court may be justified upon the ground that the deed from Richardson and wife to " the heirs of John W. Boone, deceased," was inoperative.   We do not so understand the law.   A deed to the heirs of a man deceased is valid.   *Id certum est quid certum reddi protest*.   The presumption of law would be in favor of sustaining the deed, if any presumption at all is to be indulged.   There was, however, proof in this case, showing who the heirs of Boone were, and although the time of Boone's death was not directly proved, there was certainly some evidence indirectly bearing on that point.   It was a question for the jury whether Boone was alive or dead at the time of the execution of this deed.

Judgment reversed and cause remanded.