CHARLES CONNOYER *et al.*, Plaintiffs in Error, *v.* WASHINGTON UNIVERSITY, Defendant in Error.

*Lands— Confirmations—Enurement.*—A confirmation by the board of commissioners, under act of Congress of July 4, 1836, to D., or his legal representatives, enures to the benefit of those who show themselves to derive title through D., and not to the persons presenting the claim. (Hogan v. Page, 22 Mo. 55, and 32 Mo. 68, affirmed.)

*Error to St. Louis Land Court.*

*Whittelsey*, for plaintiffs in error.

The decision of the board is as follows : " The board are of opinion that the claim ought to be confirmed to the said widow Dodier, or her legal representatives, according to the survey in Livre Terrein No. 2, p. 38." (See book No. 7, p. 185.)

I. The confirmation was made by the board and act of Congress to widow Dodier, or to those who proved themselves to be in law her legal representatives, and not to Louis Labeaume, who presented the claim to the old board in 1811, any further than he showed himself to be the assignee by legal conveyances. It was admitted that plaintiffs were the owners of one-fourth of the land, as heirs and representatives of widow Dodier, and that Labeaume did not have the whole title.

The appellants rely upon the decision of this court, in the case of Hogan v. Page, 22 Mo. 55; 32 Mo. 68. The Supreme Court of the United States have affirmed the principle decided in Hogan v. Page, (S. C.,) 2 Wal. 605.

The board of 1832, by their action, refused to decide the question as to who were the legal representatives of Dodier, and left that matter to be determined by the courts.

*Glover & Shepley*, and *T. T. Gantt*, for defendant in error.

The plaintiffs showed no case entitling them to recover. This is the precise case decided by the Supreme Court of the United States, in the case of Bissell v. Penrose, 8 How. 317, which has not only never been overruled, but has been repeatedly affirmed, both by our Supreme Court and the Supreme Court of the United States, even down to the latest decision upon these questions, in the case of Hogan v. Page, 2 Wal. 605. A consideration of the reasons assigned for the reversal of the case of Hogan v. Page, will show how entirely the principle of the case of Bissell v. Penrose was affirmed.

HOLMES, Judge, delivered the opinion of the court.

It appears from the evidence that Louis Labeaume, assignee of the widow Dodier, filed his claim before the old board of commissioners in 1811, claiming three by forty arpens of land in the prairie adjoining the town of St. Louis, together with the concession of May 23, 1772, to the widow Dodier, and a deed of transfer of title from said Dodier and others to Louis Labeaume, (the claimant,) dated August 18, 1806; and that his claim was rejected. It also appears that in 1833, "widow Dodier, by Louis Labeaume's representatives, claimed the same tract of land, before the new board of commissioners, and produced the concession and Duralde's survey from the Livre Terrein, (No. 2, p. 38,) and also a deed from the "lawful heirs" of said widow Dodier to Labeaume, which appears to have been executed by the widow Dodier herself, and others, dated August 18, 1806. The

bill of exceptions also contained a deed to Louis Labeaume, (how it got there does not appear,) from Joseph Hortiz, of the land granted to said widow Dodier, and purchased by him at a public sale and adjudication of the goods and property of the widow Dodier, under an order of the Lieut.-Governor, dated August 23, 1806 ; but it does not appear to have been filed with the board.

The board of commissioners, on the 15th of June, 1835—beginning their entry in these words : "Widow Dodier claiming 120 arpens of land"—confirmed the claim thus : "The board are of opinion that the claim ought to be confirmed to the said widow Dodier, or to her legal representatives, according to the survey in Livre Terrein No. 2, p. 38. The plaintiff put in evidence the survey of this confirmation, (No. 3306,) and proved that as heirs and assignees of the heirs of widow Dodier, they were representatives of one-fourth of the title of the said widow Dodier. On this evidence, the court instructed the jury, that the plaintiffs could not recover.

The question presented is whether the confirmation enured to the representatives of Louis Labeaume, as the claimants before the board, or to the widow Dodier and her legal representatives. Had the board confirmed the claim as presented before them by Louis Labeaume, there could be little doubt, under the decision in Bissell v. Penrose, (8 How., U. S., 317,) that the confirmation would have enured directly to him as the claimant who had presented the claim, and filed the evidence of his derivative title as assignee of the original grantee. But the claim before the board of commissioners of 1833 is in the name of " widow Dodier, by Louis Labeaume's representatives," and the board recognizing the " widow Dodier claiming 120 arpens of land," confirmed the same in terms to " said widow Dodier, or to her legal representatives." The claim is made in her name, by the representatives of Louis Labeaume. Who they were it nowhere appears. No claim is made by them in their own names, nor in their own right, otherwise than as "represent-

atives " of Louis Labeaume, who might be her representative. No evidences are filed or produced by them to show a derivative title from any one to them, nor does it appear that any proof was made before the board that they were heirs-at-law of Louis Labeaume, taking by descent.

The cases of Bissell v. Penrose, (8 How., U. S., 317,) and Boon v. Moore, (14 Mo. 420,) would require that they should have made the claim for themselves; if not in their own names, at least in their own persons, and produced the evidence of their title as such legal representatives of the widow Dodier. This does not appear to have been done here.

As the case is presented on this record, we are of opinion that it falls within the principle of the decisions in Hogan v. Page, (22 Mo. 55; 32 Mo. 68; 2 Wal. 605.) For these reasons we think the instruction of the court below was erroneous.

Judgment reversed and cause remanded. Judge Wagner concurs; Judge Lovelace absent.