Connoyer et al. v. LaBeaume's Heirs.

---

CHAS. CONNOYER *et al.*, Appellants, *v.* THEODORE LABEAUME'S
HEIRS, Respondents.

1. *Lands and land titles — Confirmation — Assignment — Act of July 4, 1836.* —The board of commissioners, under the act of Congress of July 4, 1836, confirmed a certain lot "to A. or his legal representatives." *Held*, that the party claiming must do so, if not in his own name, at least in his own person, and produce evidence of his title as such legal representative. This being done, the title will inure to his own benefit; and it is not necessary that the confirmation should be made to him by name. (Connoyer *et al.* v. Washington University, 36 Mo. 481.)

*Appeal from St. Louis Circuit Court.*

For statement of the case, see Connoyer *et al.* v. Washington University, 36 Mo. 481.

*Whittelsey* and *Cunningham,* for appellants, cited Hogan v. Page, 2 Wall., U. S., 605 ; Allen v. Moss, 27 Mo. 354 ; Allen v. King *et al.*, 35 Mo. 216 ; Hogan v. Page, 22 Mo. 55 ; Mercier v. Letcher, 22 Mo. 66.

*Glover & Shepley*, and *E. W. Pattison*, for respondents, cited Bissell v. Penrose, 8 How. 317. Here Rudolph Tillier presented the claim before the first board, and exhibited before the board as evidence of his title an unacknowledged deed from Benito Vasquez to him. The court says that there was no claim on the part of Vasquez, but the claim was by Tillier, both by producing concession, and with it the written evidence of his claim, as required by the act, and decide that the title was confirmed to Tillier, the assignee, as claimant, under the act of 1836. (Boon v. Moore, 14 Mo. 120 ; Connoyer v. Washington University, 36 Mo. 481 ; Hogan v. Page, 2 Wall. 605 ; 22 Mo. 55 ; 32 Mo. 68.)

CURRIER, Judge, delivered the opinion of the court.

This is an ejectment suit brought to recover possession of a portion of a common-field lot in the St. Louis prairie, confirmed to widow Dodier or her legal representatives, under the act of Congress of July 4, 1836. The main point in the case is the same as that presented in the suit in favor of the same plaintiffs against the Washington University, reported in 36 Mo. 481 ; that suit embracing another portion of the same common-field lot.

In Connoyer v. Washington University, the judge delivering the opinion of the court seems to recognize, without abatement, the principle announced in Bissell v. Penrose, 8 How. 317, as illustrated and applied in Boon v. Moore, 14 Mo. 420, but proceeds to say : " The cases of Bissell v. Penrose, and Boon v. Moore would require that they (the representatives of widow Dodier) should have made the claim for themselves, if not in

their own names, at least in their own persons, and produced the evidence of their title as such legal representatives of the widow Dodier. This does not appear to have been done here." Therefore, as it would seem for the reason that the things named did not appear by that record to have been done, the court reversed the judgment of the lower court.

The facts mentioned as not shown by the record in the University case, are supplied in the case at bar. It is not questioned that Louis LaBeaume, in 1811, as assignee of Margaret Bequette, widow of Dodier, and others, heirs of Francois M. Millet, upon legal notice, filed with the old board of commissioners the claim in question, together with the original concession to said Dodier, and a deed of transfer from the parties named as assignors to himself. It now further appears that he also at the same time filed with the board a deed from Joseph Hortiz, which assumes to convey to LaBeaume all the grantor's interest in the premises acquired by him at a public sale of the effects of Veuve Dodier. This deed is dated June 27, 1808. In the University case the court speaks of this deed as not appearing to have been filed with the land commissioners at all. It is now shown to have constituted a part of the evidence filed with the commissioners in support of LaBeaume's derivative title.

It further appears by the present record that after the decease of Louis LaBeaume, the original assignee claimant, his representative, Louis A. LaBeaume, appeared before the commissioners in 1835, and prosecuted the same claim in behalf of his mother, who was the devisee of LaBeaume, deceased. But the plaintiffs insist that although Louis LaBeaume, in his lifetime, in his own name and behalf as assignee, filed the claim with the land commissioner, claiming it as his own, and although he furnished the described evidence of his derivative title in support of the claim, and notwithstanding the fact that his legal representatives personally took up and prosecuted the claim to final judgment, still, inasmuch as the confirmation was not to LaBeaume by name, the title vested in and inured to the benefit of whoever might be able by legal proofs to show themselves to be the legal representatives in fact of said widow Dodier, as heirs, devisees,

or assignees. In a word, the plaintiffs are not satisfied with the principle announced in Bissell v. Penrose, and Boon v. Moore, and seek a construction of it that shall abate its force. Indeed, the principle contended for by the plaintiffs is deemed to be in direct antagonism to those decisions. If it prevails, it would amount to a substantial overruling of them. It would take from them all practical force and meaning. In Carpenter v. Rannells, (see this vol., page 584,) the same point arose. It is there more fully considered. The decision in that case determines the disposition of this. The judgment must therefore be affirmed. The other judges concur.