H. Brinsmade et al., Appellants, *v.* Robert Groll, Respondent.

### December 4, 1883.

Married Women — Witnesses. — In an action against the husband, the wife is not a competent witness, though her testimony is to the effect that the right is in her and not in the husband.

Appeal from the St. Louis Circuit Court, Lubke, J. *Reversed and remanded.*

W. B. Homer, for the appellants.

L. J. Smith, for the respondent.

Thompson, J., delivered the opinion of the court.

This was an action of replevin, before a justice of the peace, for a sewing machine. On an appeal to the circuit court, and trial before a jury, the judgment was for the defendant. The plaintiffs' evidence tended to show that the plaintiffs sold the machine to the defendant for $55 ; that the defendant executed his promissory note for the same, expressing that the same was to be paid at the rate of $3 per month ; that he paid $3 down, and received a receipt for the same upon the note ; that, at the same time, he executed a deed of trust, in which he conveyed the machine to the plaintiff Brinsmade in trust, with power to take possession of and sell the same upon default in any of the payments stipulated for in the note, and that, defaults in these payments having been made, the plaintiffs brought the present action.

The evidence of the defendant tended to show that the machine was sold to his wife, and not to himself, and that he never executed the note and deed of trust. The defendant's wife was permitted to testify, against the objection of the plaintiff, that the machine was bought by her ; that the first payment of $3 was made by her, not at the office

of the Howe Sewing Machine Company, as the plaintiffs' witness testified, but at her own house; that the subsequent payments had been made by her, and that she had refused further payments because the machine had gotten out of order and the Howe Sewing Machine Company had refused to repair the same, or to substitute a good machine for the same.

The only question which we shall consider relates to the admissibility of this testimony of the defendant's wife. We think that this testimony was not admissible. The testimony of a wife in an action against her husband is not admissible at common law. No statute of this state has created an exception to this rule, such as would admit the testimony of the defendant's wife in this case. Section 4010 of the Revised Statutes would have admitted her to testify, if she had been a party to the record, other than a nominal party. *Tingley* v. *Cowgill*, 48 Mo. 291; *Fugate* v. *Pierce*, 49 Mo. 441; *Harriman* v. *Stowe*, 57 Mo. 93; *Owen* v. *Brockschmidt*, 54 Mo. 285. Nor was she within any of the exceptions of the common-law rule of disqualification created by section 4014 of the Revised Statutes. Unquestionably, the law does not, especially since the act of 1875 (Rev. Stats., sect. 3296), which allows a married woman to own personal property and deal with it as if sole, intend to seal her mouth as a witness, and prevent her from asserting or protecting, by her oath in a court of justice, the new rights with which the legislature has clothed her. But before she can do this, she must stand before the court as a party asserting such rights in the particular suit; and if, in her husband's suit, she appear as a witness in his behalf, although to testify that the right is in her and not in her husband, yet, in contemplation of law, she is testifying for him and not for herself, and is therefore incompetent.

For this error, the judgment of the circuit court is reversed and the cause remanded. All the judges concur.