McKee v. Spiro.

McKee *et al.* v. Spiro, *Appellant.*

DIVISION TWO.

1. **Practice : SUIT TO REDEEM : TITLE.** In a suit to redeem land from a sale under a judgment on a special tax bill, it is only necessary for plaintiffs to trace their title back to the common source.

2. **Trustee's Deed to Heirs and Legal Representatives.** A trustee's deed to the "heirs and legal representatives" of the beneficiary, "whether under her last will and testament or by inheritance," is a valid conveyance to the heirs, the beneficiary being dead at the time of its execution.

3. **Right to Redeem from Sale under Special Tax Bill: LIMITATIONS.** Persons claiming title to land who were not made parties to a suit to enforce a special tax bill against it, and who did not appear to the action, have ten years in which to redeem.

4. **Husband and Wife : PRACTICE : EVIDENCE.** A husband is a competent witness in a suit involving the title to his wife's general property to which he is made a party.

5. **Trustee Buying at his Own Sale : TITLE.** A trustee cannot, as a general rule, act in the dual capacity of seller and buyer at a sale conducted by himself; yet, when he does so and executes a conveyance in pursuance thereof, the title of the *cestui que trust* passes to the purchaser, subject to be set aside and vacated by the proper legal proceeding.

6. ——: ——: **RIGHT TO REDEEM FROM TAX SALE.** One acquiring the title of the *cestui que trust* at a trustee's sale has a right to redeem the property from a sale made under the foreclosure of a special tax bill.

*Appeal from St. Louis City Circuit Court.—*HON.
DANIEL DILLON, Judge.

AFFIRMED.

*Eber Peacock* for appellant.

( 1 ) Appellant's possession of the premises men-
tioned in the suit under color and claim of title is
admitted by the pleadings and shown by the evidence,
and is adverse to any right shown in plaintiffs. ( 2 )
It was incumbent on plaintiffs to show that they or
their ancestor or other person under whom they
claim was seized or possessed of the premises in ques-
tion within ten years before the commencement of
this suit. They showed just the reverse. *Foster v.
Evans*, 51 Mo. 39 ; *Hulsey v. Wood*, 55 Mo. 252 ; *Bledsoe
v. Sims*, 53 Mo. 305 ; *Moore v. Harris*, 91 Mo. 617; R. S.
1879, sec. 3219. ( 3 ) The trustee's deed is void, because
the grantees are therein named as "the heirs and legal
representatives, whether, under her last will and tes-
tament, or by inheritance of her, Evelina J. Sharp,
deceased." This description is too vague and indefinite
as to who the grantees are, and presents two antag-
onistic classes of takers which, if one could take under
this deed, the other could not. *Alexander v. Hickox*,
34 Mo. 496 ; *Chappell v. Allen*, 38 Mo. 221 ; *Campbell v.
Johnson*, 44 Mo. 247 ; 3 Washburn on Real. Prop.
[ 5 Ed.] p. 281. And the ambiguity being patent could
not be explained by extrinsic testimony. *Bradshaw v.
Bradbury*, 64 Mo. 334. Nor was any testimony offered
to show whether Mrs. Evelina J. Sharp left a will or did
not. ( 4 ) It appears that the deed made by McClellan,
trustee, was to himself as one grantee, in which case the
deed would be void, and the deed would also be void as
a conveyance by him to his wife. ( 5 ) The court erred
in admitting the deposition of Josiah G. McClellan.
*Meier v. Thieman*, 90 Mo. 433. ( 6 ) If the respondents

had any equities in the matter in suit, they have been lost by their laches.   Equity powers cannot be invoked where parties have negligently slept upon their rights, and induced others to act upon the confident belief that they had abandoned them.  *Landrum v. Bank*, 63 Mo. 48.   And courts of equity are very reluctant to interfere, though there may be no bar of the statute.  *Morman v. Talbott*, 53 Mo. 392; *Daus v. Fox*, 59 Mo. 125; *Bradshaw v. Yeats*, 67 Mo. 221.   (7)  The respondents' right to redeem, if any existed, was long barred by the special statute permitting redemption as against judicial sales to collect special tax bills.   Sess. Acts, 1871, sec. 9, p. 194.   (8)  Upon the theory that the parties might be allowed to redeem, the complainants must refund the money expended by defendant and make her financially whole.  *Cravens v. Moore*, 61 Mo. 178.

*D. T. Jewett* and  *W. S. Bodley* for respondents.

(1)  This action partakes of the nature of an action of ejectment and a bill in equity.   In making out title in plaintiffs, it is not necessary to trace title further back than John Lady, as he is the common source of title under whom both parties claim.   All the titles either has start from John Lady, and it is well-settled law in this state that it is only necessary to go back to the common source of title, and this evidence may be put in by plaintiff.  *Charles v. Patch*, 87 Mo. 463; *Smith v. Lindsey*, 89 Mo. 79 ; *Grandy v. Casey*, 93 Mo. 605 ; *Huff v. Morton*, 94 Mo. 408.   (2) Defendant Spiro got no title by virtue of the suit on the tax bill and sale on execution under said judgment, as against plaintiffs, because at the time and before suit was brought there was a deed of trust on the land duly recorded, and neither the trustee, nor the *cestui que trust*, were made parties to that suit, and said deed of trust was of record before and when suit was brought, and the trustee was, also, at the time a resident of St. Louis.   Therefore, all the proceedings in that tax suit

McKee v. Spiro.

were void as against those having title under said deed
of trust ; but, if not void, their right to redeem is fully
recognized in the following cases : *Stafford v. Fizer*,
82 Mo. 393 ; *Gitchell v. Kreidler*, 84 Mo. 477 ; *Cowell
v. Gray*, 85 Mo. 169 ; *Allen v. McCabe*, 93 Mo. 138. ( 3 )
McClellan was a competent witness, because his wife
was the owner of one-seventh of the land, and, as it was
inherited by her after marriage, he had a right of
possession and could have maintained ejectment in his
own name. He was, therefore, a party in interest,
sufficient to make him a competent witness. *Cooper v.
Ord*, 60 Mo. 430 ; *Quade v. Fisher*, 63 Mo. 325 ; *Steffen
v. Bauer*, 70 Mo. 404. But payment of the special tax
bill before judgment was fully proved by the clerk in
the tax office, viz., E. F. Linden. ( 4 ) Where the
petition prays for equitable relief, and also asks for
possession, the court will grant such writ of possession,
when the relief prayed for is granted, and plaintiff is
entitled to possession. *Woodsworth v. Tanner*, 94 Mo.
128.

THOMAS, J.—One John Lady, claiming to be the
owner of a lot of land about sixty-five feet front on
Park avenue, in the city of St. Louis, in July, 1873,
gave a deed of trust signed by himself and wife on the
same, for about $1,200, with principal note payable
in two years and six months, Josiah G. McClellan being
made trustee. One Lewis was made *cestui que trust*,
but the money loaned was the money of Mrs. Evelina J.
Sharp, and the deed of trust and notes were delivered
to her and passed into the hands of her administrator.
The note not being paid, said McClellan duly advertised
and sold said land at auction on the twenty-seventh of
September, 1883, to plaintiffs. The plaintiffs are the
heirs and legal representatives of Evelina J. Sharp.
Said trustee made his deed to said "heirs and legal
representatives," and duly recorded the same December
24, 1883.

In November, 1874, said John Lady and wife sold his equity of redemption in said land to John H. Terry, which deed was duly recorded. In May, 1882, said John H. Terry sold his equity of redemption to one H. Everly, which deed was duly recorded. In April, 1881, while Terry owned the equity of redemption, the city of St. Louis issued a special tax bill against said property for benefits to the same for opening Park avenue. In June, 1883, after Terry had sold to Everly, the city brought a suit against Terry on said special tax bill. After the suit had stood in court for some time, the name of Terry was stricken out, and the name of Everly inserted, and service made on Everly. No person ever appeared to defend the suit, and the same remained in court until March 25, 1884, when judgment was taken by default against Everly for the tax bill and costs. This was six months after the deed of trust had been foreclosed on the property, and the trustee's deed recorded. The trustee in the deed of trust was not made a party to this suit, nor were those claiming under Mrs. Sharp.

Execution issued on said judgment, and in May, 1884, the sheriff sold said land thereunder to one A. W. Black for $80. On the third of September, 1884, the said Black sold said land to the defendant, Alice Spiro, for the sum of $125. Miss Spiro paid some taxes on the land and fenced it, but the fence disappeared very shortly after she put it there.

The plaintiffs brought this suit to redeem this land from the sale under the judgment on the special tax bill above mentioned by paying whatever sum the court might find to be just. The court found that $158 was due defendant for taxes, etc., which plaintiffs paid, and thereupon the court vested the title to the property in them and defendant appealed.

I.    The first contention is that the plaintiffs did not show title to the property in John Lady, and, therefore, they failed to show title in themselves. This was not

necessary as they showed that defendant also derived title through Lady. It was only necessary for them to go back to the common source of title. *Finch v. Ullman,* 105 Mo. 255.

II. In the second place it is contended that the deed by the trustee to "the heirs and legal representatives, whether under her last will and testament or by inheritance of her, Evelina J. Sharp, deceased," is void for uncertainty as to the grantees. Mrs. Sharp being dead at the time of the execution of the deed a convey- ance to her heirs is valid. That is certain which may be made certain. *Boone v. Moore,* 14 Mo. 420.

The fact that the deed was to the heirs and legal representatives of Mrs. Sharp whether *by will or inheritance* does not change the rule.

III. It is urged that the plaintiffs' right to redeem was barred by the special statute permitting redemption from judicial sales on judgments enforcing special tax bills, passed in 1871 (Session Acts 1871), p. 194, the ninth section of which is as follows: "Whenever any real estate is sold under the provisions of this act, the owner may at any time within two years after the day of sale, if he has not been summoned but notified by publication, and did not appear to the action, redeem the property sold upon payment of the amount for which the property was sold," etc. That act, even if it be now in force, which we do not decide, has no application to the facts of this case. That act applies only to persons who are made parties to the proceedings to enforce the special tax bill. The plaintiffs and those under whom they claim were not made parties to the suit in any form and did not appear, and hence their right to redeem is not barred until the expiration of ten years.

IV. Josiah G. McClellan was the husband of one of Mrs. Sharp's heirs, and he was permitted to testify for plaintiff in this case over the objection of defendant. It is well settled in Missouri that a husband is a competent witness in litigation involving the title to his wife's

McKee v. Spiro.

general property, to which he is made a party. *Brown-lee v. Fenwick*, 103 Mo. 420.

V. It is objected that McClellan, in the execution of the power contained in the deed of Lady and wife to him, as trustee of Lewis, could not sell and convey the land or any interest in the land to his wife as one of the heirs of Mrs. Sharp. It is true, as a general principle, a trustee cannot act in the dual capacity of seller and buyer, at a sale conducted by himself, yet when he does thus act, and makes a sale and executes a conveyance in pursuance thereof, the title of the *cestui que trust* passes to the purchaser, subject to be set aside and vacated by the proper legal proceeding. *Wolf v. Ward*, 104 Mo. 127. And these plaintiffs, whether they acquired the legal title to her property by McClellan's conveyance or only the interest of the *cestui que trust* therein, have a right to redeem the property from the sale made under the foreclosure of the special tax bill. *Mullanphy v. Simpson*, 3 Mo. 492; 2 Story Eq., sec. 1023; 15 Am. & Eng. Encyc. Law, 828, and note 2; *Stafford v. Fizer*, 82 Mo. 393.

We do not desire to be understood as deciding that McClellan did not convey a legal title to the property to his wife. It is not necessary for us to decide, and we, therefore, do not decide that question.

There is no merit in this appeal. It is clear that the sale under the foreclosure of the special tax bill did not affect the title of plaintiffs, and their right to redeem cannot be justly denied. The judgment will, therefore, be affirmed. All concur.