LAYSON, Appellant, v. ISAAC COOPER.

Division One, April 1, 1903.

1. **Replevin:** OWNERSHIP OF PROPERTY MORTGAGED: ESTOPPEL. If the maker of a mortgage covering the property sued for in replevin executed the paper knowing its contents, or was not deceived into signing it, he should not be permitted to deny that he owned the property so mortgaged. One is estopped to deny the truth of his own assertion solemnly made when another has accepted it as true and acted upon it.

2. ———: ———: DEFENSE. In a replevin suit for the possession of property covered by a mortgage given by the husband alone, in which he is the only defendant, he can not defend on the ground that the property belongs to his wife. As between him and the plaintiff

mortgagee, the plaintiff is entitled to the property, for a judgment in that case, whether or not the property belonged to her, could in no way affect her or impair her rights.

3. ———: ———: ———: EVIDENCE: CIRCUMSTANCE. It is competent· in a replevin suit for the possession of property covered by a mortgage, for the defendant mortgagor to show that he did not know the property sued for was included in the mortgage and that it was not read over to him, and that, being ignorant, he was deceived into signing it. And as making good that defense it is competent for him to show, as a circumstance bearing on that issue, that the property did not belong to him, but to his wife.

4. ———: HUSBAND AND WIFE: COMPETENCY OF WIFE TO TESTIFY. In a replevin suit against the husband alone, the wife is not a competent witness to show that the property is hers, and not his. Although she may be the real owner of the property in controversy, if she be not a party to the suit and is not bound by the judgment, she is not a competent witness in behalf of her husband.

## Transferred from Kansas City Court of Appeals.

REVERSED AND REMANDED.

*Sallee & Crossan* and *Wanamaker & Barlow* for appellant.

(1) The motion for rehearing was properly sustained. The decision rendered by the court in this case was in conflict with the decision of the St. Louis Court of Appeals, in the case of Brinsmade v. Groll, 14 Mo. App. 444; Rider v. Culp, 68 Mo. App. 527. This case is directly in point and was rendered under a state of facts similar to the present, and has never been criticised or overruled by either of the appellate courts. (2) Defendant is estopped from pleading or proving that the title to the property in controversy was in his wife, because he executed the mortgage or bill of sale, and the fact that he did execute it and deliver it is a solemn admission on his part that he was the owner of the property in controversy. Gottschalk v. Klinger, 33 Mo. App. 410. (3) A mortgagor is estopped from setting up any defense to the validity or binding force

and effect of his mortgage.   He can not deny his title
or assert that he had no right to mortgage the prop-
erty or claim adversely to his mortgage.   This would
be a fraud upon the mortgagee and the courts would not
permit it.   11 Am. and Eng. Ency. of Law (2 Ed.), 444;
Gottschalk v. Klinger, supra; Rider v. Culp, supra;
Teft v. Monson, 87 N. Y. 97; Fitzgerald v. Barker, 85
Mo. 20.   (4)   We concede that the statute removing
the disability of witnesses by reason of interest (sec.
8918) has been so construed as to permit either husband
or wife to testify for or against each other, provided
the one offering to testify has a substantial interest in
the controversy, as contended for by the respondent,
who cites in support of this doctrine McKee v. Spiro,
107 Mo. 452; Brownlee v. Fenwick, 103 Mo. 420;
O'Bryan v. Allen, 95 Mo. 68; Toovey v. Baxter, 59 Mo.
App. 470.   But we do not concede that this line of cases
is a precedent to govern the court in the case at bar.
Far from it.   In the case at bar, Layson seeks to re-
cover property mortgaged or pledged to him by bill of
sale, to secure a debt admitted to be due from defendant
to plaintiff in this case.   And witness Eliza K. Cooper
has no interest whatever in the result of this suit, al-
though she might own the entire property.   This is not
one of the cases in which she has a substantial interest
in the controversy.   If the plaintiff is seeking to take
her property to pay the debts of another person, she
has her remedy at law in a suit to recover the specific
property; or an action for tort against the officer taking
the property.   In either instance she has an independ-
ent action and can maintain it.   And to permit the de-
fendant in this case to take advantage of his own wrong
and mulct the plaintiff in hundreds of dollars of costs
upon such a state of facts as exists in this case, would
not only be contrary to law but would be absolutely
wrong and against the decisions of this court.

*J. C. Wilson* and *Peery & Lyons* for respondents.

(1)    The case of Brinsmade v. Groll has been in effect overruled by a later case in the same court. It will be observed that the opinion in that case puts the disqualification of the wife solely on the ground that, though having an interest in the controversy, she was not a technical party to the record. This is the sum and substance of the ruling as appears from the opinion. But in the case of Rider v. Culp, 68 Mo. App. 527, where a wife was suing alone, upon a note in which her husband was payee, and which he had indorsed to her, the husband was held incompetent, solely because he had no substantial interest in the subject-matter of the action. It is conceded that if he had an interest he would be competent, although not a party to the record. The court says: ''The statute removing the disability of witnesses by reason of interest (section 8918) has been so construed as to permit either husband or wife to testify for or against each other, provided the one offering to testify has a substantial interest in the controversy. McKee v. Spiro, 107 Mo. 452; Brownlee v. Fenwick, 103 Mo. 420; O'Bryan v. Allen, 95 Mo. 68. It affirmatively appears by the plaintiff's evidence that Rider (the husband) sold and transferred the note to plaintiff (the wife) which deprived him of all interest in the note itself. It is not necessary to decide whether his contingent liability as an indorser would qualify him to testify, as there is no evidence tending to prove that the necessary steps were taken to fasten such a liability on him. We must therefore hold that he was not a qualified witness, and that the court did right in refusing to allow him to testify.'' It is apparent from this extract from the case cited that there is now no conflict between the doctrine of the St. Louis Court of Appeals and this court, as announced in Toovey v. Baxter, 59 Mo. App. 470, and the original opinion in the case

at bar. This being true, and the former decision of this court being undoubtedly correct, it would be improper, as well as a great hardship on the defendant, to transfer this case to the Supreme Court. It is well settled that the provision of the statute declaring the cases in which a married woman may testify, does not have the effect to exclude her except in those cases. But, upon the contrary, the statute being remedial, it is to be liberally construed, and the letter of this section will sometimes be enlarged so as to more effectually meet the beneficial end in view and prevent a failure of the remedy. Besides, if plaintiff transacted this business with defendant's wife, and if to refuse to permit her to testify would operate as a fraud upon defendant, she is competent, regardless of the statute. Cramer v. Hurt, 154 Mo. 117; Moeckel v. Heim, 134 Mo. 576; Ex parte Marmaduke, 91 Mo. 257; Hach v. Rollins (Mo.), 59 S. W. 232; Sanguinett v. Webster, 153 Mo. 367. (2) The judgment may well be affirmed upon either of several grounds, without reference to the competency of Mrs. Cooper to testify in her own behalf, on account of her interest in the suit. (a) As suggested in the opinion herein, if she did not own this property, she must have contracted with plaintiff as her husband's agent, and would therefore be competent on that ground. Long v. Martin, 152 Mo. 668; Kuenzel v. Stevens, 155 Mo. 280; McGuire v. DeFrees, 77 Mo. App. 280; Ingerman v. Weatherman, 79 Mo. App. 480. (b) Even if Mrs. Cooper was not competent, the plaintiff, by cross-examining her at length about matters not testified to by her in chief, waived any objection to her competency. Hume v. Hopkins, 140 Mo. 65; Nichols v. Nichols, 147 Mo. 403; Tierney v. Hannon, 81 Mo. App. 488; Ess v. Griffith, 139 Mo. 322; In re Soulard's Est., 141 Mo. 642; Borgess Co. v. Vette, 142 Mo. 560. (c) The pertinent facts testified to by Mrs. Cooper related entirely to her purchase of this property with her own separate means, and her sole ownership of it. The essential facts as

to her ownership are established by the testimony of the other witnesses in this case. Where there is abundant proper evidence to justify the verdict, the testimony of an incompetent witness will be regarded as harmless and the judgment will not be disturbed on that account. Clark v. Cordry, 69 Mo. App. 6; Hume v. Hopkins, 140 Mo. 65; Hach v. Rollins (Mo.), 59 S. W. 234.

VALLIANT, J.—This is an action of replevin for 178 bushels of corn; the corn was taken under the writ, and delivered to plaintiff.

The suit was begun in a justice's court, carried by appeal to the circuit court, where there was a judgment for defendant, from which the plaintiff appealed to the Kansas City Court of Appeals, where the judgment of the circuit court was affirmed, but one of the judges of the Kansas City Court of Appeals being of the opinion that that decision was in conflict with the decision of the St. Louis Court of Appeals in Brinsmade v. Groll, 14 Mo. App. 444, the cause was certified to this court.

The plaintiff's evidence tended to prove the following:

Plaintiff was the owner of a farm which he rented for the year 1897 to one Oliver, reserving a rent of $25 to be paid him for the use of the pasture, and two-fifths of the crops. The lease recited that Oliver owed the plaintiff $65 on a note and that Oliver's three-fifths of the crops to be raised were to stand good for the payment to plaintiff of the $25 rent for pasture and the $65 note. It also recited that the plaintiff sold to Oliver two mares on the farm, but the title was to remain in plaintiff until he was paid for the same.

In June of that year plaintiff sold the farm, including his two-fifths interest in the growing crop, to Eliza K. Cooper, wife of the defendant. Soon after the purchase Cooper and wife bought out the tenant's interest and moved on the farm. Plaintiff's evidence is not

clear as to whether it was Cooper or his wife that bought the tenant's interest, but he testified that both of them knew what his contract with Oliver was. His testimony was that Mrs. Cooper told him that "they," meaning herself and husband, had bought the growing crop and the mares of Oliver. Shortly after defendant Cooper and his wife moved on the farm, he executed the paper writing under which the plaintiff claims, by which the three-fifths of the crop bought from Oliver and one of the mares (the other having died) and a horse of Cooper's are in effect mortgaged to plaintiff to secure a note of Cooper's for $102.32, which sum is made up of the $25 rent, the $65 note of Oliver to plaintiff, and another small item of debt of Oliver to plaintiff assumed by Cooper. The $102.32 note was not paid at maturity and this suit is to gain possession of the mortgaged property.

On the part of the defendant the testimony tended to show that he did not purchase the corn from Oliver, but that it was purchased by his wife and paid for with her money, and that he never made any claim to it. That he purchased the horses from Oliver and assumed to pay Oliver's debt to the plaintiff. That he signed the paper under which the plaintiff claims, but did not know at the time he signed it that it contained anything in relation to corn. He understood that it covered only the horses. He testified that he could read very little and that the mortgage was written by the plaintiff who pretended to read it to him, but in doing so omitted all that there is in it in reference to the corn. He trusted to the plaintiff's reading it correctly and signed it without reading it himself. (Plaintiff testified that he did not read the contract to defendant at all; that defendant read it himself and then signed it.)

Oliver as a witness for defendant testified that he sold his share of the crop to Mrs. Cooper; the agreement was that she was to pay his debt to the plaintiff and give him $100. Her husband handed him the money; he did

not know where he got it. The horses were also included in the sale. He told Mrs. Cooper what his obligation to the plaintiff was and she agreed to step into his shoes. "Then I turned the crop over to her subject to the mortgage I had given on the three-fifths interest and on the horses to Mr. Layson. This was all in one contract, I didn't have two separate contracts with them. I declined to sell the corn unless they would take it subject to the lien on the crop and horses, unless they would take it all and take it subject to that lien. I made that trade with Mrs. Cooper."

Mrs. Cooper, wife of defendant, was called as a witness in his behalf. Plaintiff objected to her as a witness on the ground that she was the wife of the defendant and therefore incompetent; the objection was overruled and plaintiff saved an exception. She testified that when she bought the farm from the plaintiff and his two-fifths of the growing crop, he told her that she could buy from Oliver, the tenant, his three-fifths and that she did so. That she paid Oliver with money that she borrowed on a mortgage of other property belonging to her; that she did not know when she bought from Oliver that plaintiff had a written contract with him; that the mortgage executed by her husband, under which plaintiff claims, was executed without her knowledge or consent.

The plaintiff asked instructions to the effect that the paper contract between defendant and plaintiff, together with the written contract of lease between plaintiff and Oliver, constituted a mortgage, and if the note secured by the mortgage was not paid plaintiff was entitled to recover; that defendant was estopped to deny his title to the property covered by the mortgage, and that though the jury should find that defendant's wife bought the corn of Oliver, yet if she bought it with the knowledge that plaintiff had a lien on it under his contract with Oliver, still the plaintiff was entitled to recover. The court refused those instructions, but gave

the case to the jury under instructions of its own, which were to the effect that if the defendant's wife bought the corn from Oliver under agreement with him that she was to pay his debt to plaintiff as part of the consideration, and that the document in evidence executed by defendant to plaintiff was executed with her knowledge and consent, and the note therein mentioned was unpaid, the plaintiff was entitled to recover; that under those circumstances defendant and his wife were estopped to deny his title to the property mentioned in the mortgage. And at the request of the defendant the court gave instructions to the effect that the burden was on the plaintiff to show that he was the owner and entitled to the possession of the property in controversy, and unless he did so the verdict should be for defendant; also that if plaintiff told defendant's wife when he sold her the land that she could buy Oliver's interest in the crop and she did so and paid for it with her own means and informed the plaintiff of what she had done before he took the note and mortgage from defendant, then the verdict should be for defendant unless the jury should find that the defendant executed the note and mortgage with the knowledge and consent of his wife. Also that if defendant was, by lack of education, unable to read the contract and requested plaintiff to read it to him, and plaintiff pretending to do so failed to read what was in the document in regard to the corn or to inform the defendant that the corn was included in it, and defendant signed it in ignorance that it purported to cover the corn, it was a fraud on the part of the plaintiff and rendered the contract void and the verdict should be for defendant. Also that if the corn belonged to defendant's wife and she bought it with the knowledge and direction or consent of plaintiff and paid for it with her own means, the verdict should be for defendant unless the jury should find that the mortgage given by her husband was given with her knowledge and consent.

The verdict was in this form: "We the jury find for the defendants." The judgment was: "It is therefore considered, ordered and adjudged by the court that plaintiff take nothing by his writ, that the defendants go hence without day and that the costs of this suit taxed at $80.65 be adjudged against plaintiff and hereof let execution issue."

The suit having originated in a court of a justice of the peace, no written plea was required of defendant and he filed none, but at the trial he made defense on two grounds: first, that his signature to the mortgage was obtained by fraud; second, that the property mortgaged did not belong to him. The first was a legitimate defense; the second was not. If he was really illiterate ·or could not read the document and was dependent on the plaintiff for a knowledge of its contents and plaintiff pretended to read it to him, but concealed the fact that it covered the corn and induced him to believe that it related only to the horses, then there was no legal execution of the document. In such case the defense may be made in an action at law. [Girard v. St. Louis Car Wheel Co., 123 Mo. 368.] There was some evidence on the part of defendant tending to prove that defense, and therefore the court was justified in submitting it to the jury. And because the instructions asked by the plaintiff to the effect that defendant was estopped by his deed to deny that the corn belonged to him, ignored the question whether he had been so deceived into signing the paper, they were properly refused. But the court should have instructed the jury that the. defendant was estopped to deny that he owned the corn unless they found from the evidence that he was so deceived, the burden of proving which was on him and unless sustained the verdict should be for the plaintiff.

If the defendant executed the paper knowing its contents, or if he was not deceived or misled into signing it by the fraudulent conduct of the plaintiff, he is

bound by it, and the court will not listen to him saying that the property did not belong to him.

By giving the mortgage on the corn the defendant declared in the most solemn manner that it was his property, and unless he was deceived, as he says he was, into signing it, he deceived the plaintiff by that act, and the law will not allow him to profit by it.   It is no new doctrine that a man is estopped to deny the truth of his own assertion when another has accepted it as true and acted upon it.

As above said, that was the only legitimate defense offered in the case, but it was not the one on which the defendant chiefly relied.   The case seemed to turn chiefly on the question of whether or not the mortgaged property belonged to the defendant.

The fact, if it was the fact, that the corn really belonged to defendant's wife, was no defense in this case; she was not a party to the suit, her title was not in question, and the judgment, whatever it might be, would not be binding on her.   If the mortgage was the free act and deed of the defendant, then, as against him, the plaintiff was entitled to the possession of the corn even though it did not belong to him.   Of course, he could not mortgage his wife's property, nor could her rights be impaired by a judgment in a suit against him alone. She is not a party to this suit and was free to assert her rights in whatever form she might have been advised was best, against both plaintiff and defendant. Whilst the plaintiff by his writ could take the property out of the possession of the defendant, yet if it really belonged to the defendant's wife, she by her writ could have taken it from the plaintiff or have otherwise had redress for the injury.   But the defendant was not entitled to defend this suit against his own deed on the ground that the property did not belong to him.   The rule that a defendant in a replevin suit may show title in a third person, if it goes to disprove the plaintiff's

claim, does not apply when the plaintiff claims under a deed from defendant himself.

The instructions, therefore, that were given embodying the theory that if the corn belonged to the defendant's wife the plaintiff could not recover unless the mortgage was executed with her knowledge and consent, were erroneous. The defendant on the trial made no demand for the return of the property and although the verdict and judgment were in his favor, yet there was no award of the value of the property, nor of damages for its detention, nor was there any order for its return to him; it was only a general verdict in his favor, and a judgment that he go without day and recover his costs, leaving the property in the possession of the plaintiff; at least, that is the aspect of the case as shown by the abstract before us. The defendant seems to have successfully defended the suit against his own deed on the theory that the property he had mortgaged did not belong to him. He had no right to a judgment in his favor on that theory.

Although the wife's title was not directly involved in the suit, and defendant could not avoid his own deed by showing that he mortgaged property that did not belong to him, yet when he tendered the issue that the deed was obtained from him by fraudulent concealment of the fact that it purported to cover the corn and that he was ignorant of the fact when he signed the document, he was entitled to show if he could, as a circumstance bearing on that issue, that the property did not belong to him. That was a collateral fact, if it was a fact, that was proper for the jury to consider, along with the other conflicting evidence bearing on the issue relating to the due execution of the mortgage, therefore evidence on that point was relevant. This brings us to a consideration of the question, was the wife of defendant a competent witness in his behalf?

It was because of that question that this cause was certified to this court by the Kansas City Court of Ap-

peals.   That court holding in this case, and in a former decision in a like case (Toovey v. Baxter, 59 Mo. App. 470) that she was a competent witness, while the St. Louis Court of Appeals in Brinsmade v. Groll, 14 Mo. App. 444, held the contrary.

It is not contended that in such case at common law the wife would be a competent witness.   Our statute on the subject is an enabling act making persons competent under certain conditions who at common law under like conditions were incompetent witnesses.

Section 4656, Revised Statutes 1899, prescribes the conditions under which a married woman may testify in a suit in which her husband is a party, whether she be joined therein as a party or not.   Among the conditions there prescribed is not included the fact of her interest in the property when her interest is not the subject of adjudication in the case but only a collateral circumstance.   If the wife is a party to the suit and has a real interest in the subject which would be affected by the judgment, then she is a competent witness, by the terms of section 4652, Revised Statutes 1899, whether her husband is joined as a party with her or not.   But although she may be the real owner of the property in controversy, if she be not a party to the suit and is not bound by the judgment, she is not a competent witness in behalf of her husband. The decision of the St. Louis Court of Appeals in Brinsmade v. Groll, 14 Mo. App. 444, lays down the correct rule on that subject.

This court has in a number of cases said that where the wife was the real party in interest she is a competent witness notwithstanding her husband is a party to the suit, and that where the husband is the real party in interest he may testify although his wife is also a party. [Scrutchfield v. Sauter, 119 Mo. 624; McKee v. Spiro, 107 Mo. 452; Brownlee v. Fenwick, 103 Mo. 420; O'Bryan v. Allen, 95 Mo. 68; Steffen v. Bauer, 70 Mo. 399; Wilcox v. Todd, 64 Mo. 388; Quade v. Fisher, 63 Mo. 325; Harriman v. Stowe, 57 Mo. 93; Owen v. Brock-

schmidt, 54 Mo. 285; Buck v. Ashbrook, 51 Mo. 539; Fugate v. Pierce, 49 Mo. 441; Tingley v. Cowgill, 48 Mo. 291; Hardy v. Matthews, 42 Mo. 406.] But in all of those cases the husband or the wife whose competency as a witness was in question was a party to the suit and had a material interest in the judgment to be rendered. It was held that in such case the wife was a competent witness under section 4652 which removes the common-law disability of interest. This court has never held that a wife was a competent witness for her husband in a suit by or against him, in which she was not also a party and interested in the subject of the suit.

Something is said about the wife in this case being the agent of her husband in the matter about which she testified, and therefore competent. But she was not offered as a witness on any such theory, and in fact both her testimony and that of her husband shows that she was acting in her own right and not as agent for her husband.

We hold that the wife of the defendant was not competent as a witness for him in this case.

The judgment is reversed and the cause remanded to be retried according to the law as herein declared. *Robinson, J.,* concurs; *Marshall, J.,* concurs in the result; *Brace, P. J.,* absent.